**Edith Odette DEANE, Appellant,**

v.

**John D. DEANE, Jr., Appellee.**

No. 3275.

Court of Civil Appeals of Texas.

Eastland.

Jan. 18, 1957.

Rehearing Denied Feb. 8, 1957.

Sam Cleveland, Stephenville, for appellant.

Ennis Favors, Stephenville, for appellee.

COLLINGS, Justice.

This is a suit by Edith Odette Deane against John D. Deane, Jr., for divorce, custody of two minor children, child support, alimony pendente lite, division of community property, concerning which plaintiff asked that the defendant be required to file an inventory, and for attorney's fees. The case was tried before the court without a jury and judgment entered granting plaintiff a divorce, custody of the two minor children and $100 per month child support. It was further decreed that plaintiff be awarded the household goods and effects, and that all other community property be placed in the hands of a receiver and sold;

that the proceeds after payment of community debts be divided equally between the parties. Costs were adjudged against the defendant but plaintiff's prayer for attorney's fees was refused. Edith Odette Deane has appealed from the judgment only insofar as it refuses her claim for attorney's fees and denies her contention that John D. Deane fraudulently disposed of and concealed a portion of the proceeds of the sale of certain shares of stock belonging to the community.

The evidence shows that on September 22, 1955, appellee, John D. Deane, borrowed $10,000 from the Farmers First National Bank of Stephenville, Texas, to purchase 200 shares of Simmons Company stock and 100 shares of Texas Pacific Coal and Oil Company stock and pledged the stock to the bank to secure the loan. While the stock was thus in the possession of the bank a 100 per cent. stock dividend was declared by the Texas Pacific Coal and Oil Company, as a result of which there was thereafter 200 shares of this stock in the possession of the bank. The evidence further shows that appellee Deane sold 100 shares of the Simmons Company stock and all of the Texas Pacific Coal and Oil Company stock (to a party in Dallas), and some days thereafter on November 22, 1955, took said stock from the bank and delivered it to the purchaser. Appellee sold the above described stock for $11,900 and in order to secure the release of the said stock paid the bank the sum of $5,500. There still remained in the bank 100 shares of the Simmons Company stock to secure the balance of $4,500 remaining unpaid of the original $10,000 indebtedness.

In appellant's first two points it is urged that the court abused its discretion in failing to give a judgment against appellee John D. Deane for the value of her one-half interest in the proceeds of the stock sold by him, to be paid out of his one-half of the proceeds from the sale of the properties which were ordered by the court to be sold. Appellant contends that the value of her one-half interest in the proceeds of the sale of the stock after the payment of a debt in the sum of $3,600 was $4,150 for which she contends the court erred in not granting her judgment. As above indicated appellee Deane paid the bank $5,500 to secure the release of the stock at the time of its delivery to the purchaser. Deane contends that this $5,500 payment was made from the proceeds of the sale of the stock. Appellee denies this contention, claiming that the $5,500 payment was from other assets belonging to their community estate, but says that even if the said $5,500 payment was from the proceeds of the sale of the stock she is still entitled to the sum of $1400 as her one-half after the payment of such indebtedness.

In our opinion it is not shown that the court abused its discretion in dividing the community property. Appellant filed suit for divorce against appellee John D. Deane on December 1, 1955. Appellee filed an inventory and appraisement of all property owned by the parties on January 4, 1956. The inventory showed that the parties owned their home and household furniture, several other parcels of real estate, together with certain other household goods and furniture, a 1953 Dodge sedan automobile, certain described vendor's lien notes and the remaining shares of Simmons Company stock. There were debts secured by liens against most of the property listed. The total amount of the indebtedness shown by the inventory was $23,654.35. The approximate net value of all of the property over and above the indebtedness was shown as $15,741.54. The household furniture in the home which was valued at $1,000 was awarded to appellant, Edith Odette Deane. It was decreed by the court that the proceeds from the sale of the remaining property after payment of debts be divided equally between the parties.

The controlling question in this connection in our opinion is whether the property listed in the inventory filed by appellee was all of the property owned by the parties.

Appellant was awarded more than one-half of the property listed. If this was all of the community property, obviously there was no abuse of discretion. Appellant contends, however, that there was other community property, to-wit: the proceeds of the sale of the stock in question ($11,900.00), less the amount of a $3,600.00 debt paid by appellee, and less the additional amount of $5,500.00, if it should be held that the $5,500.00 payment to the bank was from the sale of the stock, which appellant does not admit, but denies.

■ The case was tried before the court without a jury and no findings of fact or conclusions of law were filed or requested. In such cases every issue raised by the evidence must be resolved in support of the judgment and the judgment should be affirmed if supported by evidence upon any theory of the case. 3B Tex.Jur. 279. The burden of proof was on appellant to show that there was community property to be divided other than that listed in the inventory. Harris v. Harris, Tex.Civ.App., 174 S.W.2d 996.

The evidence supports the implied finding in support of a judgment that the $5,500 payment to the bank was from the proceeds of the sale of the stock. John D. Deane testified that he was paid for the stock when the purchaser came to Stephenville to get it and was shown that the stock was there and could be delivered. He testified that he then paid $5,500 to get the stock released.

After deducting the $3,600 and the $5,500 items of indebtedness there remained $2,800 of the proceeds from the sale of the stock shown to have been in possession of appellee, John D. Deane. Appellant urges that she should have been granted judgment against appellee for at least one-half of that amount. The evidence does show that on November 22, 1955 appellee had at least $2,800 of the proceeds of the sale in his possession. This, however, was prior to the filing of a suit for divorce by appellant on December 1, 1955, and to the filing by appellee of an inventory on January 4, 1956. The inventory, which was sworn to by appellee, indicates that on that date he had only $91 in money. The evidence is not fully developed and does not clearly show just what became of the $2,800. The evidence does show, however, that there were community debts in the sum of almost $25,000 all of which were due and delinquent; that Mrs. Deane had incurred $300 or $400 indebtedness on November 28, 1955, which was after the $2,800 came into the possession of appellee. Appellee testified that he did the best he could to make necessary payments on the community debts and to keep insurance premiums on the community property paid up. He testified at the time of the trial that he had no money and no property except that listed in the inventory.

■ Appellant has not discharged her burden of showing the existence of any community property other than that listed in the inventory filed by appellee, John D. Deane. For that reason we overrule the points complaining of an abuse of discretion in the division of such property. 15A Tex.Jur. 819.

■ We also overrule appellant's third point which complains of the failure of the court to grant a judgment against appellee in the sum of $750 for attorney's fees. The evidence indicates that at the time of the marriage of the parties in 1946, appellee, John D. Deane, had $17,000 in money and that most of this money went into the property owned by the parties at the time of the divorce. The evidence also shows that appellee's income is $65 per week, less certain deductions. The right to attorney's fees is largely within the discretion of the trial court. Under the facts and circumstances of this case considered in connection with the division of the property and the $100 per month child support provision as decreed by the court we cannot say that an abuse of discretion is shown. 15 Tex.

Jur. 653. Edsall v. Edsall, Tex.Civ.App., 240 S.W.2d 424 and cases cited therein; Rivers v. Rivers, Tex.Civ.App., 133 S.W. 524; Henderson v. Henderson, Tex.Civ. App., 259 S.W.2d 780.

The judgment of the `trial court is affirmed.