**Kim Michael SULLIVAN, et ux., Appellants,**

v.

**Billy Dean ENOCH, et ux., Appellees.**

**No. 10–82–183–CV.**

Court of Appeals of Texas, Waco.

June 16, 1983.

Rehearing Denied July 28, 1983.

Alfred A. Pandolfi, West Texas Legal Services, Fort Worth, for appellants.

Ben Hill Turner, Turner, Turner & Turner, Curtis Pritchard, Hallman & Pritchard, Cleburne, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellants Sullivan from judgment decreeing appellees Enoch managing conservators of appellants' 2½ year old twin daughters.

In December 1980 the Enochs filed petition for termination of parent-child relationship between appellants and the two children, and for adoption of the children by the Enochs. Thereafter the Enochs filed supplemental petition alternatively seeking managing conservatorship of the children.

In October 1981 appellants filed motion to dismiss appellees' suit for lack of standing. The trial court overruled this motion. In April 1982 appellants filed second motion to dismiss appellees' suit and thereafter amended motion to dismiss same. The trial court denied such motions July 27, 1982.

Trial was to a jury which found that appointment of appellees as managing conservators was in the best interest of the children.

The trial court rendered judgment on such verdict naming appellees managing

conservators of the children; and naming appellants possessory conservators.

Appellants appealed on 2 points asserting the trial court erred in overruling their motions to dismiss appellees' suit because appellees had no standing to initiate or prosecute either the termination or conservatorship cause of action.

The children were born premature May 23, 1980, with respiratory difficulties. Doctors advised the parent appellants that without an air conditioned environment, their children's chance of survival was marginal. The children stayed in the hospital until late July. During this time the parents were unemployed and were unable to acquire air conditioned housing; and they temporarily and informally relinquished possession of their daughters to appellees who could provide air conditioned surroundings.

Between August and December appellants acquired air conditioned housing; (and at time of trial appellant father was in the U.S. Army as an E–4 earning $900.00 per month plus other benefits including family medical care).

In early December the twins were hospitalized for three weeks with respiratory infections. Appellants advised appellees their intention to take the children home with them upon their release. Thereafter appellees filed this suit for termination and alternatively managing conservatorship.

Conservatorship suits are governed by Chapter 14 of the Family Code and termination suits by Chapter 15. Section 11.03 is the standing provision for original suits under these chapters. This section states that these suits may be brought by any person with an interest in the child.

Persons listed in Section 11.09 governing citation are the persons having standing to bring these suits. *Pratt v. Texas Dept. Human Resources,* Tex.Civ.App.1981 (Amarillo) NRE, 614 S.W.2d 490. At the time of filing this suit appellees like the foster parents in *Pratt,* supra, did not qualify for any of these categories of persons.

Nor can appellees' interest in adoption justify their bringing conservatorship or termination suits. *Mendez v. Brewer,* Tex. 1982, 626 S.W.2d 498.

This is true regardless of the fact that the foster parents in *Pratt,* supra, and *Mendez,* supra, had possession of the children for over a year. Here appellees had possession for only five months prior to filing of their petition.

Appellees with informal possession and control only, prior to their petition, lacked standing to maintain a termination or conservatorship suit against appellants, the natural parents.

Appellants' points are sustained.

The judgment is reversed and the cause is remanded with instructions to dismiss appellees' suit.

REVERSED & REMANDED.