**Tina Vernett Outlaw PEREZ, Appellant,**

v.

**Pamela Diane WILLIAMSON and Harold Williamson, Appellees.**

No. B14–86–332–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 19, 1987.

Marian S. Rosen, Mary M. Rawlins, Stanley G. Schneider, Houston, for appellant.

Reginald Hirsch, Charles H. Portz, III, Houston, Bob McClendon, Amarillo, for appellees.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from a decree appointing appellees managing conservators and appellant possessory conservator of a minor child, Baby Boy Outlaw. Appellant, the natural mother of the child, contends the trial court did not have jurisdiction to enter an order appointing appellees managing conservators. We agree, and reverse and remand with instructions to dismiss.

During the pregnancy, appellant lived with appellees and agreed to allow them to adopt the child. The day after the birth on July 28, 1982, appellant signed an Affidavit of Relinquishment of Parental Rights which was irrevocable for sixty days. Appellees made no effort to adopt the child during the sixty day period. Appellant decided to keep the baby and revoked the Relinquishment as soon as the irrevocable period expired. Appellees, who had been in possession of the child since his birth, refused to surrender him. Appellant immediately sought and obtained a Writ of Habeas Corpus requiring appellees to surrender the child to the court. The Writ could not be served for three years because appellees left Houston with the child without informing appellant. They settled in Mississippi where they filed a Complaint for Adoption of Minor Child. Appellant was served with citation, answered, and filed a Cross-Petition seeking custody of the child. Appellees failed to appear at the Mississippi hearing on their Petition for Adoption. The Mississippi court dismissed the petition and awarded custody of the child to appellant. Appellant again sought possession of the child, but appellees had moved again. Appellant finally located appellees in Corsicana, Texas, in June of 1985. Under court orders the child was placed with the Harris County Family Court Services. Appellees then filed an Original Petition for Termination and Adoption of Child in Harris County challenging the Mississippi decree and seeking adoption of the child. The petition was later amended to seek either adoption or managing conservatorship. Trial was before a jury on the sole issue of conservatorship. The jury held for appellees. The court's final decree appointed appellees as managing conservators and appellant as possessory conservator. Appellant appeals from this decree.

In her first point of error, appellant contends the trial court did not have jurisdic-

tion because appellees lacked standing to file their original suit. We agree.

Conservatorship and adoption suits are governed by chapters 14 and 15, respectively, of the Family Code. Tex.Fam.Code Ann. § 11.03 (Vernon 1986) is the provision regarding standing for original suits under these chapters. This suit is controlled by this section since the trial court did not recognize the Mississippi decree. Section 11.03 in effect at the time of this suit was as follows:

A suit affecting the parent-child relationship may be brought by any person with an interest in the child ... A person has an interest in a child if the person has had possession and control of the child for at least six months immediately preceding the filing of the petition or is named in Section 11.09(a) of this code as being entitled to service by citation.

Section 11.09(a) lists those persons having standing to bring suit. At the time of filing appellees were not qualified by any of the categories. This is true despite the fact that appellees had possession of the child during the years preceding their suit in Harris County. They had not had possession of the child for "at least six months *immediately* preceding the filing of the petition" since the child had been removed from their home prior to their filing suit. In addition the Family Code disfavors those acting against court orders or engaged in wrongful conduct. *See, e.g.,* Tex.Fam.Code Ann. § 11.58 (Vernon 1986). Appellees, having had possession and control only in defiance of court orders prior to filing their petition, lacked standing to maintain a termination or conservatorship suit against appellant. *See Sullivan v. Enoch,* 654 S.W.2d 546 (Tex.App.—Waco 1983, writ dism'd).

Fundamental error is committed where a judgment establishes a right to which a party has no justiciable interest. *Eikel v. Burton,* 530 S.W.2d 907, 908 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.) (cite omitted). Appellant's first point of error is sustained. In view of this holding, it is unnecessary to address appellant's remaining points of error and the cross point brought by the attorney ad litem concern-

ing the standard of proof required in conservatorship cases.

The trial court's decree is reversed. We remand this cause to the trial court with instructions to dismiss appellees' suit.

SEARS, Justice, concurring.

I concur in the results reached by the majority; however I differ on the reason the judgment of the trial court should be reversed.

The trial court erred in refusing or failing to recognize the Mississippi decree. There was no showing that the Mississippi court lacked jurisdiction over the parties or the minor child. Therefore, pursuant to section 11.63 of the Family Code, the Texas court was required to recognize the Mississippi decree. Tex.Fam.Code Ann. § 11.63 (Vernon 1986). Further, when a court of another state has made a custody decree, a court of this state may not even modify the decree unless there is a showing that the foreign court failed to meet jurisdictional prerequisites or has declined to assume jurisdiction to modify the decree. Tex.Fam. Code Ann. § 11.64 (Vernon 1986).

The majority opinion has totally ignored the fact that the trial court was without any authority to act on appellees' request for Termination and Adoption after notice of the Mississippi decree. It is for this reason that the trial court erred and the judgment should be reversed.