Gerald READY, et ux, Appellants,

v.

James Morgan HUGHES,
et ux, Appellees.

No. 10–84–112–CV.

Court of Appeals of Texas,
Waco.

March 7, 1985.

Rehearing Denied April 4, 1985.

Ordered Published Jan. 8, 1992.

James G. Reynolds, Gandy Michener Swindle Whitaker & Pratt, Fort Worth, for appellants.

Charles S. Leeper, Law Office of Leeper & Priddy, Fort Worth, for appellees.

Before McDONALD, C.J., and THOMAS and HALL, JJ.

HALL, Justice. ·

On appellees' petition, the trial court terminated the parent-child relationship between appellants ·and their infant daughter and granted adoption of the child by appellees, following a jury trial. We reverse the judgment and order the case dismissed, holding that appellees did not have standing to bring the suit.

The termination decree was based on special issue jury findings "by clear and convincing evidence" that (issues 1 and 5) appellants each voluntarily left the child in the possession of another not the parent and expressed an intent not to return; that (issues 2 and 6) each appellant voluntarily left the child in the possession of another not the parent, without expressing an intent to return, without providing for the adequate support of the child and remained away for a period of at least three months; that (issues 3 and 7) each appellant en-

gaged in conduct which endangered the physical or emotional well-being of the child; and that (issues 4 and 8) termination of the parent-child relationship between each appellant and the child is in the best interest of the child. These grounds for involuntary termination of parental rights are set forth among others in V.T.C.A., Family Code § 15.02.

Appellants seek reversal on fourteen points of error asserting (1) that the trial court erred in denying their motion to dismiss the termination suit because appellees had no standing to bring the suit at the time it was filed in December, 1982; (2) that the evidence was insufficient to support the submission of special issues 2, 3, 6 and 7 to the jury, and that the evidence was legally and factually insufficient to support the jury's answers to any of the special issues; and (3) that the trial court erred in submitting the special issues to the jury because the pertinent subsections of Family Code § 15.02 as applied in this case are unconstitutionally vague.

The case was tried in March, 1984. At that time the age of appellant Beverly Ready was 23, appellant Gerald Ready's age was 20, appellee James Hughes was 30 years old, and appellee Patty Hughes was 31.

The baby girl in question was born to Beverly in Cleburne Memorial Hospital in Johnson County on December 8, 1982. When the child was conceived, Beverly and Gerald were living together in the home of Gerald's mother. Gerald and Beverly formally married on March 14, 1983. Although they asserted at trial that they were married at common-law when the child was conceived, there was substantial evidence disputing that fact.

The child was born at 7:30 A.M. At about 10:00 A.M., Beverly executed an affidavit of relinquishment of parental rights (see Family Code § 15.03) in which she designated the attorney who was at that time representing appellees as managing conservator of the child. She acknowledged in the affidavit that it would be irrevocable for 60 days, and stated: "I fully understand that, if I change my mind, I cannot force the managing conservator to destroy, revoke, or return this affidavit and that I cannot take back or undo this affidavit in any way during this 60–day period. I further understand that my parental rights probably will have already been ended for all time before this 60–day period expires. I also understand that, if my parental rights have not been ended within this 60–day period, this affidavit shall remain in full force and effect until I revoke it. I fully understand that, at any time until this affidavit is revoked, my parental rights may be terminated for all time." In the affidavit Beverly waived the right to issuance, service and return of all process in any suit to terminate the parent-child relationship.

Although disputed by appellants, there was substantial evidence at the trial that we deem clear and convincing that appellants intended to place the child for adoption. There was evidence that Gerald had given Beverly options of abortion, placing the child for adoption, or moving out; that they agreed upon placing the child for adoption; and that on the morning of birth they told their parents and other relatives that the child had died in birth. At that time appellants knew that appellees intended to adopt the child.

This suit was filed by appellees in the 249th District Court of Johnson County on December 9, 1982, the day after the child was born. Appellees took possession of the child on December 10th. After identifying the child and her mother, themselves, and their attorney as managing conservator, appellees pleaded as grounds for termination the unrevoked affidavit of relinquishment executed by Beverly which they attached to the petition; and in support of their plea for adoption they attached the written consent of the managing conservator named by Beverly in the affidavit of relinquishment.

On February 8, 1983, the trial court ordered a social study, appointed an investigator to make the study, set the case for hearing on March 4, 1983, and ordered the social study report filed on March 4th.

On February 25, 1983, appellant Beverly Ready, then Beverly Rogers, filed a petition for writ of habeas corpus in the 18th District Court of Johnson County against the attorney who had been named managing conservator in the affidavit of relinquishment executed by her, seeking possession of the child. She attached to the petition a copy of the affidavit of relinquishment and an affidavit signed by her on February 17, 1983, revoking the affidavit of relinquishment.

A social study was filed with the court on March 7, 1983.

On March 11, 1983, appellees filed their amended petition for termination and adoption in which they alleged that appellant Gerald Ready was the natural father of the child. They added as grounds for termination of the parent-child relationship (1) that appellants had voluntarily left the child alone and in the possession of others and expressed an intention not to return, and (2) had voluntarily abandoned the child without providing adequate support for three months. Appellees requested in the amended petition that they be named temporary managing conservators of the child. On the day of the filing of this amended petition, and in connection with it, the court set the case for hearing on March 17, 1983. Appellants answered with a general denial and also alleged that the affidavit of relinquishment had been revoked by Beverly, and attached a copy of the revocation affidavit. On March 14, 1983, appellant Beverly Ready, filed an amended petition for writ of habeas corpus, which was consolidated with this termination and adoption suit in the 249th District Court, naming as respondents the attorney whom she had named as managing conservator and also appellees James Hughes and Patty Hughes.

On March 15, 1983, a local attorney was appointed attorney ad litem for the child.

After a hearing on March 17, 1983, an order was signed on March 21st naming appellees managing conservators of the child pending final hearing of the case, and denying the application for writ of habeas corpus filed by Beverly Rogers. The order recited that appellants and appellees and the attorney ad litem for the minor child were present, and that the court heard "the testimony and evidence of all of the parties." These orders appointing temporary managing conservator and denying habeas corpus petition were not appealed, and the statement of facts of this hearing are not part of the record of this appeal.

As previously mentioned, appellants were formally married on March 14, 1983. On May 31, 1983, appellants jointly filed their amended original answer setting forth a general denial, the fact that the affidavit of relinquishment signed by Beverly had been revoked, express denial of the grounds of termination set forth by appellees in their first amended petition, and certain affirmative defenses we need not mention.

On July 15, 1983, appellants filed their motion to dismiss this suit for lack of standing of appellees to bring it. Appellants alleged in the motion that appellees had no status recognized by the laws of Texas that would give them standing to petition as a right in this suit to terminate and adopt, citing Texas Family Code § 11.03 and § 11.09 as they existed at that time, and that appellees' interest in adoption did not justify their suits for conservatorship or termination.

When this suit was filed by appellants on December 9, 1982, Family Code § 11.03 provided: "A suit affecting the parent-child relationship may be brought by any person with an interest in the child, including the child (through a representative authorized by the court), any agency of the State or of a political subdivision of the State, and any authorized agency." In *Pratt v. Texas Dept. of Human Resources*, 614 S.W.2d 490, 495 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.) § 11.03 was construed to mean that, unless modified by subsequent provisions of the Family Code title relating to parent and child, only the persons entitled to service of citation under the provisions of § 11.09(a) on commencement of suit affecting such relationship were the persons who had "an interest in the child" that gave them standing to bring a suit affecting the parent-child relationship, and that

the courts should not be open to "any person" who desires to change such relationship. It is undisputed in our record that at the time of filing this suit appellees did not qualify for any of the categories of persons listed in § 11.09(a).

Effective September 1, 1983, Family Code § 11.03 was amended by the addition of this sentence: "A person has an interest in a child if the person has had possession and control of the child for at least six months immediately preceding the filing of the petition or is named in § 11.09(a) of this Code as being entitled to service by citation." On September 1, 1983, appellees filed their second amended original petition for termination and adoption. In addition to the grounds for termination previously pleaded by them, they alleged:

"The child has lived in the home of petitioners more than six months immediately preceding the filing of this amended petition for termination and adoption. During the period of eight months immediately preceding the filing of this amended petition for termination and adoption James Morgan Hughes and Patty Gail Hughes have had possession and control of the child who is the subject of this suit. By virtue of their possession and control of the child for more than the minimum required period James Morgan Hughes and Patty Gail Hughes are persons with an interest in the child who is the subject of this suit in accordance with § 11.03 of the Texas Family Code. The residence of the child in the home of petitioners for more than six months satisfies the requirements of § 16.04 of the Texas Family Code.

"No consent of the managing conservators need be filed since the temporary managing conservators, James Morgan Hughes and Patty Gail Hughes, are petitioners in this suit."

On September 9, 1983, appellees filed their response to appellants' motion to dismiss for lack of standing. Appellees asserted standing on the basis of the amendment to § 11.03 effective September 1, 1983, and their possession and control of the child for six months prior to the amendment.

On September 21, 1983, appellants' motion to dismiss the suit for lack of standing of appellees to bring it was denied. The order recited that it was based upon arguments of counsel and examination of the pleadings and the parties' briefs.

The case was eventually tried on appellees' fourth amended petition filed March 21, 1984, and on appellants' third amended original answer filed March 22, 1984.

If we reached the issues we would hold that there was clear and convincing evidence that appellants voluntarily left the child in the possession of another not the parent and expressed their intent not to return; that there was no evidence that appellants voluntarily left the child in possession of another not the parent without expressing an intent to return, without providing for the adequate support of the child and remained away for a period of at least three months; that there was no evidence that appellants engaged in conduct which endangered the physical or emotional well-being of the child; and that the jury's findings that termination of the parent-child relationship between appellants and the child was not supported by clear and convincing evidence.

The jury's finding that appellants engaged in conduct which endangered the physical or emotional well-being of the child was based solely upon the fact that appellants changed their minds about placing the child for adoption. The evidence shows that this change of mind was made by appellants and conveyed to appellees' attorney within two weeks after the child was born. Beverly had revoked her affidavit of relinquishment at the end of 60 days of its execution which she was entitled to do, and she and Gerald were then actively seeking possession of their child. Termination of their parental rights had not been ordered at that time. We hold that as a matter of law this action by appellants' will not support a finding of conduct by them which endangered the physical or emotional well-being of the child.

 The elements submitted by the trial court to the jury for its consideration in determining whether the termination was in the best interest of the child were those set forth in *Holley v. Adams,* 544 S.W.2d 367, 372 (Tex.1976). Usually, the best atmosphere for mental, moral and emotional development of the child is with its natural parents, and there is the strong presumption that a child's foremost interest is usually best served by keeping custody in and with the natural parents. *Gonzalez v. Texas Dept. of Human Resources,* 581 S.W.2d 522, 527 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). We view the evidence in our case as establishing that both appellants and appellees would be fit and capable parents for the child, able to provide for the child's mental, moral and emotional development. We would hold the strong presumption favoring custody of the child by its natural parents as being in the child's best interest was not overcome by clear and convincing evidence. This holding would eliminate any need for ruling on appellants' contention that the pertinent provisions of § 15.02 of the Family Code as applied in this case are unconstitutionally vague.

 We sustain appellants' contention that the trial court erred in overruling their motion to dismiss for want of standing by appellees to bring this suit when it was filed in December, 1982. Appellees did not have the required standing under the provisions of Family Code § 11.03 and § 11.09. *Pratt v. Texas Dept. of Human Resources, supra; Sullivan v. Enoch,* 654 S.W.2d 546, 547 (Tex.App.—Waco 1983, writ dism'd). Since it was impossible for appellees to show jurisdictional facts when their original petition was filed, the only jurisdiction the trial court had was to dismiss the suit for want of jurisdiction. Without jurisdiction in the case, the trial court had no authority to permit amended pleadings setting up new jurisdictional facts or appointing appellees temporary managing conservators pending trial. Furthermore, the amendment of Family Code § 11.03 effective September 1, 1983, did not give appellees a factual basis for standing to bring this suit by amended pleading when none

before existed. *Linn v. Scott,* 3 Tex. 67, 77–78 (1848). And, contrary to appellees' contention, their interest in adoption did not give them standing to bring the termination suit. *Sullivan v. Enoch, supra.*

Our search has produced no legal basis for appellees' standing to file this suit. Accordingly, the judgment is reversed, and this cause is remanded with instructions to dismiss appellees' suit.