NO. 07-03-0261-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 27, 2004

_____

IN THE INTEREST OF S. S. G., A MINOR CHILD

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 51,715-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**OPINION**

Following a jury trial, Ashley Gutierrez and Joseph Alarcon Gonzalez, unmarried parents of their daughter S.S.G., appeal the trial court's judgment terminating the parent-child relationship between them and S.S.G. and appointing Jeffrey Donald Gurney and Alicia Munoz Gurney managing conservators of S.S.G. By separate briefs, Ashley and Joseph present three similar issues by which they contend the trial court erred in denying (1) their motions for judgment notwithstanding the verdict because the evidence was legally

insufficient to support the jury verdict because there was no evidence for the jury to properly form a firm belief or conviction that they voluntarily left S.S.G. alone or in the possession of another not the parent and expressed an intent not to return, (2) their motion for judgment notwithstanding the verdict because the evidence was legally insufficient to support the jury verdict because there was no evidence for the jury to properly form a firm belief or conviction that they voluntarily left S.S.G. alone or in the possession of another not the parent and expressed an intent not to return, and (3) their motions for new trial. The Gurneys present two cross-points asserting the trial court erred (1) when it limited the jury's consideration of Joseph's conduct to the time period after November 5, 2002, and (2) by directing a verdict against them on their alternative request to be appointed as joint managing conservators of the child in the event the jury failed to terminate the parental rights of both Ashley and Joseph. We reverse and render.

Because the evidence and history is discussed in detail in our legal sufficiency review, we commence our analysis with a summary of the facts necessary to frame the issues for our decision. At age 14 Ashley discovered she was pregnant. On February 25, 2002, after giving birth to S.S.G., she signed a written authorization[1] for release of infant by which she gave her consent to hospital authorities to release S.S.G. "into the custody of Jeffrey and Alicia Gurney." The Gurneys took S.S.G. to their home in Amarillo, and on February 28, 2002, Jeffrey mailed to Ashley a medical power of attorney, an affidavit of

---

[1]The document dated February 26, 2002, was not acknowledged by a notary public nor verified.

2

relinquishment of parental rights, and an affidavit that the identify of the biological father was unknown. The documents were prepared by Jeffrey's former attorney. Ashley signed and returned the medical power of attorney,[2] but refused to sign and return the affidavits. After she was discharged from the hospital, Ashley, a resident of Muleshoe, traveled to Amarillo several times to visit S.S.G in the home of the Gurneys. Then, on July 28, 2002, when Jeffrey and Alicia refused to allow Ashley to take S.S.G to her home in Muleshoe, Ashley commenced the underlying proceeding by filing a petition for habeas corpus. The Gurneys responded by filing their petition for termination and adoption on July 29, 2002. The trial court denied the petition for habeas corpus and entered temporary orders.

Alleging only two grounds, by their petition for termination of parental rights and adoption of S.S.G., the Gurneys alleged that Ashley and Joseph had each:

- voluntarily left the child alone or in the possession of another not the parent and expressed an intent not to return; and
- voluntarily left the child alone or in the possession of another not the parent without expressing an intent to return, without providing for the adequate support of the child, and remained away for a period of at least three months.

*See* Tex. Fam. Code Ann. § 161.001(1)(A) and (B) (Vernon 2002). At the conclusion of the evidence and charge conference, the trial court submitted the case to the jury but did not submit the ground set out in section 161.001(1)(B). By its charge, the court instructed the jury as follows:

---

[2]The affidavit was acknowledged by a notary public on March 12, 2002.

- to consider only the evidence introduced under oath and such exhibits; and
- the "clear and convincing evidence" standard is that measure or degree of proof that produces a firm belief or conviction that the allegations sought to be established are true.

Based upon the jury finding that Ashley and Joseph both voluntarily left the child alone or in the possession of another not the parent and expressed an intent not to return, the trial court signed its order terminating their parental rights and appointing Jeffrey and Alicia managing conservators of the children.[3] The discrete question presented for our determination is whether the evidence was legally sufficienct to support the jury finding that Ashley and Joseph left the child alone or in the possession of another not the parent and expressed an intent not to return. Before reviewing the evidence, we first review the controlling law and the appropriate standard of review.

Under section 161.001, Jeffrey and Alicia had the burden to allege and prove by clear and convincing evidence that Ashley and Joseph voluntarily left the child alone and expressed an intent not to return per section 161.001(1)(A);[4] however, a favorable jury finding may not stand without probative evidence to support the finding. Williams v. Gaines, 943 S.W.2d 185, 193 (Tex.App.--Amarillo 1997, writ denied). As defined in Bailey Cty. Appraisal Dist. v. Smallwood, 848 S.W.2d 822, 825 (Tex.App.--Amarillo 1993, no writ),

---

[3]The petition for adoption was denied by the order which denied all relief not expressly granted.

[4]We give special consideration to the fact that the "without expressing an intent to return" provision in section 161.001(1)(B) does not apply under this record and charge.

probative evidence is evidence which "serves to prove the asserted proposition, and it must be more than a surmise or suspicion." Direct evidence is provided by witnesses who saw the acts done or heard the words spoken, while circumstantial evidence is proof of collateral facts and circumstances from which the trier of fact arrives at the conclusion that the main facts sought to be established in fact existed. Texas & N.O.R. Co. v. Warden, 125 Tex. 193, 78 S.W.2d 164, 167 (1935). Although circumstantial evidence may be considered, meager circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative and thus will not survive a legal sufficiency challenge. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998)

In our legal sufficiency review of the evidence to support an order terminating parental rights we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002). However, based on section 161.001(1)(A), we do not consider any evidence of events occurring before the birth of the child. *See* In Interest of S.D.H., 591 S.W.2d 637, 638 (Tex.Civ.App.--Eastland 1979, no writ). To give appropriate deference to the jury's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume the jury resolved disputed facts in favor of its finding if a reasonable jury could do so. *J.F.C.*, 96 S.W.3d at 266. Thus, we disregard all evidence that a reasonable jury could have disbelieved or found to have been incredible. *Id.*

By their first issue, Ashley and Joseph contend the trial court erred in denying their motions for judgment notwithstanding the verdict because there was legally insufficient evidence to support the jury verdict in that there was no evidence for the jury to properly form a firm belief or conviction that they voluntarily left the child alone or in the possession of another not the parent and expressed an intent not to return. We agree.

Focusing our attention on whether Ashley or Joseph "expressed an intent not to return" per section 161.001(1)(A), although the trial consumed the better part of three days, the record on this subject is scant. Although Ashley executed a revocable medical power of attorney authorizing Jeffrey or Alicia, as Ashley's "agent," to obtain health care for S.S.G., the power of attorney was silent on Ashley's intent "not to return." Jeffrey and Alicia admitted that neither Ashley nor Joseph signed an affidavit for voluntary relinquishment of parental rights or a consent for adoption. *See* §§ 161.103 and 162.010. Moreover, the authorization for release of S.S.G. that Ashley signed in the hospital merely acknowledged her consent to hospital authorities to release S.S.G. into the custody of the Gurneys, and like the power of attorney, it did not specify the terms, purpose, or duration of the custodial arrangement or contain a statement that she did not intend to return.

Alicia and Ashley both testified they were considering an "open" adoption. The briefs do not define the term "open adoption;" however, from the record, it appears that Alicia and Ashley contemplated that Ashley would be permitted certain visitation rights. After receiving a phone call advising them that Ashley was in labor, the Gurneys went to

6

the hospital; however, they did not go into Ashley's room and the record does not show any communication between Alicia and Ashley at the hospital. Also, Joseph was not at the hospital before, during, or after S.S.G.'s birth. Approximately 36 hours after the baby's birth, the Gurneys were allowed to remove S.S.G. from the hospital and take her to their home in Amarillo.

By their brief, the Gurneys provide citations to the record noting that although several opportunities were presented, Ashley did not express her intention that she did not want to give up the baby or words of similar import. Even if these references would be relevant to the ground asserted per section 161.001(1)(B), which was not submitted to the jury, they do not constitute expressions of "intent not to return" under section 161.001(1)(A), which is the basis of the order of termination. References to the record regarding Joseph's intent not to return are similar to those cited regarding Ashley. The Gurneys do not reference the record to show any direct evidence that Ashley or Joseph "expressed an intent not to return." Based upon our review of the record and the briefs, we conclude there is no direct evidence to support a finding that the natural parents "expressed an intent not to return." Citing In Interest of R.D.S., 902 S.W.2d 714 (Tex.App.--Amarillo 1995, no writ), the Gurneys erroneously suggest that our prior decision is controlling. However, R.D.S. is not controlling because each of the natural parents in R.D.S. had executed affidavits relinquishing their parental rights, and we held that notwithstanding revocation, the affidavits remained indicative of the parents preexisting intention.

7

The Gurneys suggest that the "intent not to return" can be implied from the actions of the parents for several reasons. First, Jeffrey and Alicia did not request that the trial court give an instruction that circumstantial evidence would be sufficient or otherwise define the term "express" as they suggest. *See* 1 Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges PJC 1.7 (2002 ed.). Moreover, in Wells v. Texas Pac. Coal & Oil Co, 140 Tex. 2, 164 S.W.2d 660, 663 (1942), the Court held that the law does not permit the pyramiding of one assumption upon another because an ultimate fact thus arrived at is too conjectural and speculative to support a judgment. Later, in Schlumberger Well Sur. Corp. v. Nortex Oil & G. Corp., 435 S.W.2d 854, 858 (Tex. 1968), noting that although probative circumstantial evidence may be sufficient, a vital fact, essential to establishing legal elements for recovery may not be established by "piling inference upon inference." *See also* Briones v. Levine's Department Store, Inc., 446 S.W.2d 7, 10 (Tex. 1969); Roth v. FFP Operating Partners, 994 S.W.2d 190, 197 (Tex.App.--Amarillo 1999, pet. denied)*.* Even if the jury considered that Ashley "had an intent not to return," having the intent and expressing that intent are not synonymous. Even if the consent authorizing the hospital to allow the Gurneys to take the child from the hospital and the medical power of attorney signed by Ashley may be circumstantial evidence that Ashley *had* an intent *not* to return, a question we do not decide, any inference that Ashley *expressed* an intent not to return cannot be "piled upon the inference that Ashley had an intent not to return." Further, because Joseph did not sign either instrument, no inference arises as to him. Finally, according to Jeffrey, Ashley only signed

8

and returned the medical power of attorney, not the affidavit of relinquishment of parental rights. Thus, her actions in so doing cannot support any logical inference that she did not "intend to return." Having found that there was no direct evidence that each natural parent expressed an "intent not to return," we conclude the evidence in its entirety is legally insufficient to support the jury verdict that the natural parents expressed an intent not to return. *See* Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). Accordingly, we sustain Ashley and Joseph's first issue. Our disposition of this issue pretermits our consideration of their remaining issues.

## Appellees' Cross-Points

Notwithstanding the fact that they obtained a favorable finding, by their first cross-point, Jeffrey and Alicia contend the trial court erroneously restricted the time period during which Joseph's acts and omissions could be evaluated. We disagree. The trial court has considerable discretion in crafting the jury charge. Moreover, a party objecting to a jury charge must point out the objectionable matter distinctly and set out the grounds of the objection. Tex. R. Civ. P. 274; Iron Mt. Bison Ranch v. Easley Trailer Mfg., 42 S.W.3d 149, 156 (Tex.App.--Amarillo 2000, no pet.). Our review of the charge conference does not show an objection per Rule 274. Moreover, the Gurneys do not contend the trial court abused its discretion nor demonstrate that error, if any, probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a); City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). Cross-point one is overruled.

9

By their second cross-point, the Gurneys contend the trial court erred by directing a verdict against them on their alternative request to be appointed joint managing conservators of S.S.G. in the event the jury failed to terminate the parental rights of both Ashley and Joseph. However, the Gurneys had the burden of directing this Court to the portion of the record which supports their complaint. *See* Tex. R. App. P. 38.1(h). We are not required to search a voluminous record without guidance from the party to determine whether an assertion of reversible error is valid. Labrador Oil Co. v. Norton Drilling Co., 1 S.W.3d 795, 803 (Tex.\ App.--Amarillo 1999, no pet.). Because the Gurneys do not direct us to the portion of the record where the matters complained of were presented to the trial court, the cross-point presents nothing for review. Cross-point two is overruled.

Accordingly, the judgment of the trial court is reversed and judgment is hereby rendered in favor of Ashley Gutierrez and Joseph Alarcon Gonzalez, and the relief sought by Jeffrey and Alicia Gurney is hereby denied.


                                        Don H. Reavis
                                        Justice