NO. 07-05-0216-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 3, 2005



______________________________




RONNIE TREVINO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;



NO. A 3692-0203; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION

 Pursuant to a plea agreement, appellant Ronnie Trevino was convicted of forgery
and sentenced to two years confinement and a $500 fine. The confinement was
suspended in favor of three years of community supervision. After a hearing on the State's
motion to revoke, the trial court revoked appellant's community supervision and assessed
the original punishment. In presenting this appeal, counsel has filed an Anders (1) brief in
support of a motion to withdraw. We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.-San Antonio 1984, no pet.). Thus, he
concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813
(Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the court's judgment. Counsel has also shown that he sent a copy of
the brief to appellant and informed appellant that, in counsel's view, the appeal is without
merit. In addition, counsel has demonstrated that he notified appellant of his right to review
the record and file a pro se response if he desired to do so. Appellant did not file a
response. Neither did the State favor us with a brief.

 The State filed a motion to revoke appellant's community supervision alleging (1) 
on May 8, 2005, appellant unlawfully appropriated, acquired, or otherwise exercised control
over a pack of earrings valued at less than $50 from Wal-Mart Supercenter, and (2)
appellant failed to complete a court-ordered program at the Lubbock County Community
Correction Facility. At the revocation hearing, appellant pled not true to the violations, and
after hearing the evidence, the court concluded he had violated the terms of his community
supervision. The court immediately revoked the order of community supervision, and
imposed the original sentence of two years confinement. 

 By his Anders brief, counsel raises the issue of whether there was legally and
factually sufficient evidence for the trial court to find that appellant violated the terms and
conditions of his community supervision. Although counsel raises the issue of sufficiency,
appellate review of a revocation order is limited to determining whether the trial court
abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson
v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State
must prove by a preponderance of the evidence that appellant violated a condition of
community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). One
sufficient ground for revocation will support the trial court's order. Moore v. State, 605
S.W.2d 924, 926 (Tex.Cr.App. 1980).

 In the present case, the court heard testimony from the Wal-Mart undercover
security employee who apprehended appellant. The employee testified he observed
appellant remove the earrings from the jewelry department, move to the electronics
department and attempt to put on one of the earrings, move to the shoe department and
use a mirror to assist him in putting on the earring, and then walk out the front door without
purchasing the merchandise. He further testified that when he confronted appellant
outside the store, appellant admitted to taking the earrings and offered to pay for them. 
The court also heard from appellant's community supervision officer who testified appellant
failed to complete the Lubbock County Community Correction Facility program
successfully. The trial judge was the exclusive judge of the credibility of the witnesses and
the weight to be given to their testimony. Mattias v. State, 731 S.W.2d 936, 940
(Tex.Cr.App. 1987). Based on the evidence presented, we do not find the court's
conclusion that appellant committed the alleged violations to be an abuse of discretion.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support this appeal. See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v.
State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



 Dailey misplaced the PEG tube when she
reinserted the tube and such negligence was the proximate cause of the patient's death.

 In this case, Garrison was required to prove by a preponderance of the evidence
that the alleged negligent act or omission was a proximate cause of the harm. In order to
be a proximate cause, the negligence must have been a substantial factor in bringing about
the harm and without which negligence, the harm would not have occurred. Columbia
Medical Center of Las Colinas v. Bush ex rel. Bush, 122 S.W.3d 835, 852 (Tex.App.-Fort
Worth 2003, pet. denied); Sisters of St. Joseph of Texas, Inc. v. Cheek, 61 S.W.3d 32, 35
(Tex.App.- Amarillo 2001, pet. denied). 

Reasonable Medical Probability (2)


 To constitute evidence of causation, an expert opinion must rest in reasonable
medical probability and must not be based on speculation and conjecture. Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 500 (Tex. 1995). See also Merrell Dow
Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 720 (Tex. 1997) (holding where the
failure of an expert to rule out other plausible causes renders his opinion little more than 
speculation).

 Garrison's summary judgment evidence included the deposition of expert, Dr.
Rushing. Doctor Rushing's opinion that Dailey did not reinsert the tube into James's
stomach was based upon the fact that the x-ray taken several hours later showed that the
tube was not inside the stomach; however, Dr. Rushing conceded that James likely pulled
the tube out during his shower on April 3. Also, the expert testified that he could not rule
out the possibility that James pulled on the tube after it was replaced by Dailey, thereby
lodging it in the peritoneal cavity. Doctor Rushing concluded that he "can't exclude
anything." Because Garrison's medical expert on causation could not rule out other causes
of the occurrence, his opinion is little more than speculation. E.I. du Pont de Nemours and
Co., Inc. v. Robinson, 923 S.W.2d 549, 559 (Tex. 1995). 

 Moreover, direct evidence shows (1) the tube was inserted at Covenant before
James was transferred to Lynwood, (2) it was found on the floor of the shower where he
was taking a shower, (3) nurse Dailey reinserted the tube, and (4) although the tube
remained inserted in James's body, an x-ray taken after he returned to the hospital showed
the tube was not in his stomach but was in the body cavity. According to Dr. Rushing,
James developed peritonitis as a result of the dislocation of the tube which made it more
difficult for him to survive. Garrison's claim is based on the contention that nurse Dailey
negligently inserted the tube into James's body cavity, not his stomach. However, there
is no direct summary judgment evidence that Dailey did not insert the tube into James's
body. (3) 

 This case is somewhat similar to the proof of causation problem presented in Roth
v. FFP Operating Partners, 994 S.W.2d 190, 197 (Tex.App.-Amarillo 1999, pet. denied),
wherein direct evidence of the cause of the accident was limited because the sole survivor
of the accident was unable to testify. Although cause-in-fact may be proved by
circumstantial evidence, we held that a vital fact essential to establishing legal elements
for recovery may not be established by "piling inference upon inference." Id. Also, as there
noted, when circumstances are consistent with either of two facts and nothing shows that
one is more probable than the other, neither fact can be inferred. See id.; U.S. Currency
v. State, 730 S.W.2d 659, 662 (Tex. 1984). 

 In addition to Roth, Summers v. Fort Crockett Hotel, Ltd., 902 S.W.2d 20 (Tex.
App.-Houston [1st Dist.] 1995, writ denied), is analogous to the proof problems presented
here. In Summers, the plaintiff was injured when he fell from a hotel balcony, and he was
unable to testify or provide summary judgment evidence as to why he fell. Id. In affirming
summary judgment for the hotel, the court held:

 [a]n ultimate fact may be established by circumstantial evidence, but the
circumstances relied upon must have probative force sufficient to constitute
a basis of legal inference. It is not enough that the facts raise a mere
surmise or suspicion of the existence of the fact or permit a purely
speculative conclusion. The circumstances relied on must be of such a
character as to be reasonably satisfactory and convincing , and must not be
equally consistent with the nonexistence of the ultimate fact. 

 

Here, Garrison contends that the x-rays taken after James was examined at the hospital,
constitute evidence that Dailey did not insert the tube into James's stomach. However, the
mere occurrence of an event does not constitute evidence of negligence, and negligence
is never presumed but must be shown by evidence. Allsup's Convenience Stores v.
Warren, 934 S.W.2d 433, 436 (Tex.App.-Amarillo 1996, pet. denied). Instead, it could be
reasonably inferred that James attempted to remove the tube from his body a second time
or that it became dislodged as a result of body movement or tossing and turning in bed. 
Expert opinions must be supported by facts in summary judgment evidence, not conjecture. 
Marathon Corp. v. Pitzner, 106 S.W.3d 724, 729 (Tex. 2003). On the record here, the
circumstances could "give rise to any number of inferences, none more probable than
another." See Burroughs Wellcome, 907 S.W.2d at 500. Based on the direct evidence,
it is apparent that nothing may be inferred because of the conflicting inferences which can
be drawn from the limited history and direct evidence. 

 Accordingly, we conclude the trial court did not error in granting the no-evidence
motion for summary judgment because the summary judgment evidence failed to present
a question of fact on the issue of causation. Garrison's third issue is overruled. Our
disposition of this issue pretermits our consideration of Garrison's first and second issues.

 Accordingly, the trial court's judgment is affirmed.

 Don H. Reavis

 Justice

1. According to the records at Lynwood, James frequently pulled on the PEG tube.
2. See Parker v. Employers Mutual Liability Ins. Co. of Wis., 440 S.W.2d 43, 46 (Tex.
1969) (discussing the distinction between a reasonable medical "probability" and medical
"possibility").
3. Direct evidence is provided by witnesses who saw the acts done or heard the words
spoken, while circumstantial evidence is proof of collateral facts and circumstances from
which the trier of fact arrives at the conclusion that the main facts sought to be established
in fact existed. In re S.S.G., 153 S.W.3d 479, 483 (Tex.App.-Amarillo 2004, pet. denied.).