NO. 07-04-0496-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 27, 2006
_____

IN THE INTEREST OF S.S.G., A CHILD
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 51,715-B; HONORABLE JOHN BOARD, JUDGE
_____

Before QUINN, C.J., and HANCOCK, J. and BOYD, S.J.[1]

**OPINION**

Appellants, Jeffrey and Alicia Gurney, appeal the dismissal of their suit affecting the parent-child relationship in which they sought conservatorship of S.S.G. We reverse and remand.

BACKGROUND

S.S.G. was born on February 25, 2002. The Gurneys took possession of the child soon after her birth, with the child's biological mother's consent, with the intent to adopt her. After some problems arose between the Gurneys and the child's biological mother, Ashley

[1]John T. Boyd, Chief Justice (Retired), Seventh Court of Appeals, sitting by assignment.

Gutierrez, the Gurneys filed a suit affecting the parent-child relationship seeking termination of the parental rights of Gutierrez and the child's biological father, Joseph Gonzalez, and adoption of the child. After trial to a jury, the trial court signed an order, on May 8, 2003, terminating the parental rights of Gutierrez and Gonzalez and appointing the Gurneys managing conservators of the child.

However, on appellate review, this court reversed the trial court's order and rendered judgment in favor of Gutierrez and Gonzalez and denying the relief sought by the Gurneys. See In re S.S.G., 153 S.W.3d 479 (Tex.App.–Amarillo 2004, pet. denied). After our reversal, the Gurneys filed a petition for review with the Texas Supreme Court, which was denied. Following the Supreme Court's denial of the Gurney's petition for review, this court issued mandate on August 23, 2004. From the time of the trial court's order, in May of 2003, until mid-September of 2004, the Gurneys continuously possessed the child.

On the same day that this court issued mandate, the Gurneys filed a second suit affecting the parent-child relationship. In this petition, the Gurneys alleged that they have standing to bring suit because "the child subject of this suit has resided with Petitioners for a period of not less than six months ending within 90 days of the filing of this petition." See TEX. FAM. CODE ANN. § 102.003(a)(9) (Vernon Supp. 2005).[2] By this second suit, the Gurneys sought appointment as managing conservators of the child, but did not request termination of the parental rights of Gutierrez and Gonzalez. In response, Gutierrez filed two motions to dismiss the Gurneys' suit for lack of standing. On September 9, 2004, the

---

[2]Further reference to provisions of the Texas Family Code will be by reference to "section __."

trial court entered an order dismissing the Gurneys' second suit due to lack of standing. On September 20, 2004, the trial court entered its order in the original suit reflecting this court's rendition. Most significant to the current appellate issue, the order provided that the Gurneys were to turn over possession of the child to Gutierrez on September 21, 2004.

By one issue, the Gurneys appeal the trial court's dismissal of their second suit affecting the parent-child relationship. The Gurneys contend that the trial court erred in dismissing their second suit because they had standing to bring the suit under section 102.003(a)(9).

STANDARD OF REVIEW

The question of standing to bring an original suit affecting the parent-child relationship seeking managing conservatorship is a threshold issue. See In re SSJ-J, 153 S.W.3d 132, 134 (Tex.App.–San Antonio 2004, no pet.). This is because standing is implicit in the concept of subject matter jurisdiction. Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). Standing is a question of law and we review the issue *de novo*. See In re SSJ-J, 153 S.W.3d at 134. As with an order of dismissal for lack of subject matter jurisdiction, we review an order of dismissal for lack of standing by construing the pleadings in favor of the plaintiff and must look to the pleader's intent. Texas Ass'n of Bus., 852 S.W.2d at 446. However, a court deciding a plea to the jurisdiction[3] is not required to look solely to the pleadings but may consider evidence and

_____

[3]While Gutierrez denominated her motions "Motion to Dismiss for Lack of Standing," the relief she requested was dismissal of the Gurneys' second suit based on a lack of jurisdiction. We must look to the substance of a motion to determine the relief sought,

3

must do so when necessary to resolve the jurisdictional issues raised. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).

## ANALYSIS

Under section 102.003(a)(9), an original suit affecting the parent-child relationship may be filed by a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition. The courts have carved out one exception to this standing rule. If possession is maintained in violation of a valid court order, that possession does not confer standing to bring suit affecting the parent-child relationship. See Perez v. Williamson, 726 S.W.2d 634, 636 (Tex.App.–Houston [14th Dist.] 1987, no writ).

The Gurneys' second suit contains a factual allegation that S.S.G. had resided with the Gurneys for a period of not less than six months ending within 90 days of the filing of their second petition. At the standing hearing, the parties stipulated that the Gurneys had actual care, control, and possession of S.S.G. from May of 2003 through the August 23, 2004 filing date. However, the parties also stipulated that this actual care, control, and possession was without the consent of Gutierrez and Gonzalez. Essentially, it is from these facts that we must determine whether the Gurneys have standing to bring their second suit.

---

rather than the title. Surgitek v. Abel, 997 S.W.2d 598, 601 (Tex. 1999). As such, we construe Gutierrez's motions to be pleas to the jurisdiction.

As relevant to this case, the Gurneys' possession of S.S.G. derived from the trial court's judgment in the first suit, which terminated the parental rights of Gutierrez and Gonzalez and appointed the Gurneys managing conservators of S.S.G. However, this judgment was reversed by this court and we rendered judgment in favor of Gutierrez and Gonzalez. See In re S.S.G., 153 S.W.3d at 485. The effect of our reversal was to nullify the judgment of the trial court, leaving it as if it had never been rendered other than as to further rights of appeal. See Flowers v. Flowers, 589 S.W.2d 746, 748 (Tex.Civ.App.–Dallas 1979, no writ); Ex parte Rutherford, 556 S.W.2d 853, 854 (Tex.Civ.App.–San Antonio 1977, no writ). Specifically, our rendition of judgment in favor of Gutierrez and Gonzalez nullified the trial court's termination of their parental rights and the appointment of the Gurneys as managing conservators of S.S.G. However, as neither this court nor the trial court entered an order requiring the Gurneys to turn over possession of S.S.G. to Gutierrez or Gonzalez prior to the issuance of mandate, we cannot say that the Gurneys' continued possession of S.S.G. was in violation of a court order.

Gutierrez cites In re Salgado, 53 S.W.3d 752 (Tex.App.–El Paso 2001, no pet.), T.W.E. v. K.M.E., 828 S.W.2d 806 (Tex.App.–San Antonio 1992, no writ), and In re De La Pena, 999 S.W.2d 521 (Tex.App.–El Paso 1999, no pet.), as establishing a "consent" exception to standing through possession. However, De La Pena addresses voluntary relinquishment as a means to rebut the parental presumption under section 153.373 and is inapposite as it relates to standing. We acknowledge that Salgado does indicate that possession of a child against the wishes of the parent does not confer standing upon the possessor, see In re Salgado, 53 S.W.3d at 758 n.4, but this statement is dicta that is

derived from the <u>De La Pena</u> court's holding regarding consent as it relates to voluntary relinquishment. Finally, <u>T.W.E.</u> also identifies a consent exception. <u>See</u> <u>T.W.E.</u>, 828 S.W.2d at 808. Again, however, this exception is dicta and it is predicated on <u>Perez</u>, 726 S.W.2d at 636, which established that possession in violation of a court order is ineffective to confer standing. Notably, <u>Perez</u> simply does not address the issue of whether consent has any bearing on standing through possession. In the absence of authority for a consent exception to standing through possession, we will not engraft one.

CONCLUSION

As noted above, the parties have stipulated that the Gurneys had actual care, control, and possession of S.S.G. for a period of at least six months not ending more than 90 days before the filing of the petition. <u>See</u> section 102.003(a)(9). Finding no authority for a consent exception to the standing requirements, we conclude that the Gurneys have established their standing under section 102.003(a)(9) for their second suit.[4] Consequently, we reverse the trial court's Order of Dismissal and remand this case for trial on the merits.

Mackey K. Hancock
Justice

[4]We note, however, that standing to sue does not mean a right to win, but merely provides a right to be heard in court. <u>See</u> <u>In re SSJ-J</u>, 153 S.W.3d at 138; <u>Doncer v. Dickerson</u>, 81 S.W.3d 349, 356 (Tex.App.–El Paso 2002, no pet.). Upon trial on the merits, the Gurneys will still be faced with overcoming the parental presumption.

6