

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-16-00156-CV

## IN RE ELIZABETH HARPER

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

_____

Relator Elizabeth Harper seeks mandamus relief pertaining to the trial court's denial of her plea to the jurisdiction in the underlying original SAPCR filed by Dawn and Michael Caldwell.[1]  Harper's plea to the jurisdiction alleges that the Caldwells lack standing under Family Code subsection 102.003(a)(9), which provides that an original suit may be filed at any time by "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition."  TEX. FAM. CODE ANN. § 102.003(a)(9)

---

[1] Briefly, the factual background is that Harper gave birth to G.C.H. in Oklahoma, and under an agreement with the Caldwells, they took G.C.H. from the hospital, ostensibly for an anticipated adoption, but Harper changed her mind and sought possession of G.C.H.  When she gained possession of G.C.H. through Oklahoma proceedings, she returned to Texas with him.

(West Supp. 2016).   Harper argues that the Caldwells did not timely file their suit within 90 days of the end of the period in which they had "actual control" of G.C.H. and thus lack standing under subsection 102.003(a)(9).

The Caldwells had been appointed guardians of G.C.H. in Oklahoma, but in Harper's mandamus proceeding in the Supreme Court of Oklahoma, the Oklahoma district court was directed to remove the Caldwells as G.C.H.'s guardians in a September 14, 2015 order that is filed-marked September 15, 2015.  The Oklahoma Supreme Court's order does not mention care, control, or possession of G.C.H.

In an order file-marked September 16, 2015, the Oklahoma district court removed the Caldwells as guardians and revoked their guardianship letters, but it too does not mention care, control, or possession of G.C.H.  The reporter's record from a September 22, 2015 hearing on Harper's petition for writ of habeas corpus reflects that the Oklahoma district court signed a writ of assistance on September 17, 2015, but that writ is not in the record, and nothing in the record otherwise indicates if it was served on the Caldwells or the content of that writ, including whether it states anything pertaining to the care, control, or possession of G.C.H.

The reporter's record of the September 22 hearing on Harper's habeas petition indicates that Harper's petition for writ of habeas corpus was filed in Oklahoma district court on September 21, 2015 and that the writ of habeas corpus issued that day.  While the writ of habeas corpus is not in the record, it is obvious from the reporter's record that the writ of habeas corpus required the Caldwells to produce G.C.H. at the September 22 hearing.  The only mention of service of the writ of habeas corpus on the Caldwells is a

statement by the Caldwells' attorney during the September 22 hearing that the writ had been received "today." The reporter's record further reflects that Harper obtained possession of G.C.H. at that hearing.

Harper contends that, based on the above events and Oklahoma orders, the 90-day time period in which the Caldwells had to file their SAPCR in Texas began to run on either September 14 or 15 and that the Caldwells had to file their SAPCR no later than December 14 or 15, but they filed it on December 17. Harper asserts that when the Oklahoma Supreme Court and the Oklahoma district court entered their respective orders on September 15 and September 16 pertaining to the guardianship of G.C.H., the Caldwells' continued possession of G.C.H. ceased to be "legal" (or lawful) and they thus did not have "actual control" of G.C.H. as of one of those dates. Accordingly, Harper contends that the trial court abused its discretion by denying her plea to the jurisdiction, which asserted that the Caldwells lack standing because they filed suit after the 90-day period in subsection 102.003(a)(9) had expired.

> Mandamus is an extraordinary remedy that is available only when the trial court has clearly abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36, 137 (Tex. 2004) (orig. proceeding). A clear abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* Therefore, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.* at 840.

> The improper denial of a plea to the jurisdiction is generally not reviewable by mandamus because it involves a question of law that can be addressed by ordinary appeal. *See In re State Bar of Tex.,* 113 S.W.3d 730, 734

(Tex. 2003) (orig. proceeding).  However, mandamus review is appropriate when there is a jurisdictional dispute in a proceeding involving conservatorship issues.  *See Geary v. Peavy,* 878 S.W.2d 602, 603 (Tex. 1994) (orig. proceeding); *In re Green,* 352 S.W.3d 772, 774 (Tex. App.—San Antonio 2011, orig. proceeding).  This is due to the unique and compelling circumstances presented when the trial court decides issues of conservatorship.  *See Geary,* 878 S.W.2d at 603.  Because temporary orders are not appealable, mandamus is an appropriate remedy when a trial court abuses its discretion in issuing temporary orders in a SAPCR.  *See In re Derzapf,* 219 S.W.3d 327, 335 (Tex. 2007) (orig. proceeding).

A party seeking conservatorship of a child must have standing to do so.  *In re McDaniel,* 408 S.W.3d 389, 396 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding).  Because standing is implicit in the concept of subject matter jurisdiction, it is a threshold issue in a conservatorship proceeding.  *In re N.L.D.,* 344 S.W.3d 33, 37 (Tex. App.—Texarkana 2011, no pet.).  A party's lack of standing deprives the court of subject matter jurisdiction and renders subsequent trial court action void.  *In re Smith,* 260 S.W.3d 568, 572 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding).  Whether a trial court has subject matter jurisdiction is a question of law, which we review de novo.  *In re K.D.H.,* 426 S.W.3d 879, 882 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

*In re Lankford,* --- S.W.3d ---, ---, 2016 WL 4447697, at *2 (Tex. App.—Tyler Aug. 24, 2016, no pet. h.).

Additionally, the relator bears the burden of providing a sufficient record to establish a right to mandamus relief.  *See In re Schuttpelz,* 10-15-00072-CV, 2015 WL 1967834, at *2 (Tex. App.—Waco Apr. 30, 2015, orig. proceeding) (mem. op.).

In *Lankford*, the Tyler court addressed the contention that "actual control" to establish standing under subsection 102.003(a)(9) means "legal control."[2]  *Lankford,* ---

---

[2] In *Lankford*, the court discussed *In re K.K.C.,* 292 S.W.3d 788 (Tex. App.—Beaumont 2008, orig. proceeding), noting that there the

> court opined that "'control,' as used in subsection (a)(9), must mean something more than the control implicit in having care and possession of the child if the word is to be given effect and treated as more than surplusage."  *Id*. at 792.  Therefore, "[t]he word must be

S.W.3d at ---, 2016 WL 4447697, at *3.  After surveying the split in authority among Texas

courts on the issue,[3] the Tyler court agreed with the Austin court in *Jasek*:

> [W]e conclude that, had the legislature intended "control" to mean
> "legal control" instead of "control" in its ordinary sense, it could easily have
> defined it as such.  Or it could have defined "actual control" to mean "legal
> control."  But it did neither.  Therefore, we agree with the reasoning in *Jasek*
> and hold that its definition of "actual control" reflects the legislature's
> intent when it enacted the "control" requirement of section 102.003(a)(9).

*Id.*, --- S.W.3d at ---, 2016 WL 4447697, at *3.

Harper also cites to a common-law exception to standing that is similar to the

"legal control" argument:  "The courts have carved out one exception to this standing

rule.  If possession is maintained in violation of a valid court order, that possession does

not confer standing to bring suit affecting the parent-child relationship."  *In re S.S.G.*, 208

S.W.3d 1, 3 (Tex. App.—Amarillo 2006, pet. denied) (citing *Perez v. Williamson*, 726 S.W.2d

634, 636 (Tex. App.—Houston [14th Dist.] 1987, no writ)).

Assuming without deciding that either the "legal control" theory or the *Perez*

exception applies, we conclude that, based on the record before us, Harper has not shown

---

understood in the context of the rights, duties, and responsibilities of a parent."  *Id*.  The
court then concluded that "control" refers to "the power or authority to guide and manage,
and includes the authority to make decisions of legal significance for the child."  *Id.* at 793.

*Lankford*, --- S.W.3d at ---, 2016 WL 4447697, at *4.

[3] Compare *Jasek v. Tex. Dep't of Fam. & Prot. Servs.*, 348 S.W.3d 523 (Tex. App.—Austin 2011, no pet.); *In re K.G.*, No. 05-14-01171-CV, 2016 WL 3265215, at *6 (Tex. App.—Dallas June 13, 2016, no pet.) (mem. op.); *In re K.S.*, No. 14-15-00008-CV, 2016 WL 1660366, at *4 (Tex. App.—Houston [14th Dist.] Apr. 26, 2016, pet. denied); *In re B.A.G.*, No. 11-11-00354-CV, 2013 WL 364240, at *10 (Tex. App.—Eastland Jan. 13, 2013, no pet.) (mem. op.); and *In re K.K.T.*, No. 07-11-00306-CV, 2012 WL 3553006, at *4 (Tex. App.—Amarillo Aug. 17, 2012, no pet.) (mem. op.) with *In re K.K.C.*, 292 S.W.3d 788 (Tex. App.—Beaumont 2008, orig. proceeding); *In re H.S.*, No. 02-15-00303-CV, 2016 WL 4040497, at *5 (Tex. App.—Fort Worth July 28, 2016, pet. filed) (mem. op.); *In re N.I.V.S.*, No. 04-14-00108-CV, 2015 WL 1120913, at *5 (Tex. App.—San Antonio Mar. 11, 2015, no pet.) (mem. op.).

that the Caldwells had illegal control of G.C.H.—or control of him in defiance of a court order—such that they did not file their SAPCR after the expiration of 90 days from when their allegedly illegal or defiant control began.

As noted above, neither the Oklahoma Supreme Court's September 15 order nor the Oklahoma district court's September 16 order pertaining to the Caldwell's guardianship of G.C.H. mention the care, control, or possession of G.C.H. And while the record refers to the Oklahoma district court's issuance of a writ of assistance on September 17, that writ is not in the record, and nothing else in the record indicates that it pertains to the Caldwells' care, control, or possession of G.C.H. and their possible defiance of the writ.

In conclusion, Harper has not provided a sufficient record that would establish her right to mandamus relief under her legal theory. Accordingly, we deny the petition for writ of mandamus.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurs in the judgment denying the petition for writ of mandamus. A separate opinion will not issue. He notes, however, that he would deny the petition solely on the merits that have nothing to do with the sufficiency of the record. See Chief Justice Gray's Dissent to Request for Response in this proceeding issued on June 2, 2016.)
Petition denied
Opinion delivered and filed October 26, 2016
[OT06]