LOUIS M. CARLE ET AL. V. OLLIE MAE CARLE.

No. A-2892. Decided November 29, 1950.
Rehearing overruled January 10, 1951.
(234 S. W., 2d Series, 1002.)

*Dibrell, Gardner & Dotson,* all of San Antonio, for appellant, Louis M. Carle.

*Baskin, Casseb & Casseb,* all of San Antonio, for appellee Ollie Mae Carle.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

The certificate from the Court of Civil Appeals, 8th District, at El Paso recites:

"This was an action for divorce instituted by Ollie Mae Carle against her husband, Louis M. Carle. She sought the divorce and a partition of certain properties in the city of San Antonio; part of it she alleged was her separate property and the remainder community property of herself and her husband. She likewise sought to recover attorney's fees in the sum of $6500.00 against defendant. Plaintiff recovered as her separate property (1) the residence at 344 Park Drive, San Antonio, Texas, and the household furnishings located therein; (2) the service station property together with fixtures and equipment thereon at 5401 South Flores Street, San Antonio, Texas; (3) the property located at 605 Guadalupe Street in San Antonio. The judgment provided as to the property located at 344 Park Drive that it was subject to an offset in favor of defendant in the sum of $7,000.00. Under the verdict it was found $14,000.00 of community funds had been used to pay off indebtedness against the property at Park Drive; $900.00 was likewise found to have been paid out of the community funds on the furnishings in this house adjudged to plaintiff; obligations in the sum of $500.00 on the property at 5401 South Flores Street was found to have been paid out of community funds. These respective amounts, to-wit, $7,000.00, $450.00 and $250.00 were charged against plaintiff's interest in the community property. The balance of the property involved was held to be community property and a commissioner was appointed to sell same under the direction of the court and divide the proceeds in accordance with the judgment under the direction of the court. Defendant perfected an appeal from parts of this judgment. He appealed from that part of the judgment declaring the three pieces of property hereinbefore described as

the separate property of his wife, from that portion of the judgment allowing his wife the recovery of an attorney's fee of $6500.00 and charging the same against his interest in the community property.

"Appellee has filed a supplemental transcript herein which in substance shows that the commissioner, under the direction and authority of the court has sold all community property in accordance with the judgment, has disposed of all the money arising therefrom except the sum of $2666.79, which under the order of the court he paid into the registry of the court, and was discharged. Some of these distributions were requested by the defendant. The attorney's fees in the sum of $6500.00 have been paid and same were charged against the interest of defendant in the community. The charges made in favor of the community estate for indebtedness paid on obligations against property adjudged to plaintiff as her separate property have been paid to defendant, that is, one-half thereof has been charged as against plaintiff's interest in the community estate and paid to the defendant in the sum of $7700.00.

"In our original disposition of the case we held that the accepting by defendant of the offsets adjudged in his favor as to the property located at 5401 South Flores Street and at 344 Park Drive, each of which piece of property was adjudged to be separate property of plaintiff, estopped him from complaining of the trial judge's judgment decreeing same to be the separate property of plaintiff. To this view in ruling on the motion for a rehearing we still adhere. Further, in regard to the property at 605 Guadalupe Street as to which appellee (plaintiff) has filed a motion for rehearing, we still adhere to the view expressed in the original opinion that defendant is not estopped from claiming that same is community property. In regard to the fee for $6500.00 allowed to plaintiff we granted defendant's motion for rehearing and rendered judgment charging said fee to the community estate of plaintiff and defendant. For further facts we refer to our original opinion and our opinion on our holding granting the motion for rehearing, and likewise as to our reasons for the disposition made of the respective matters in controversy."

The first and second questions certified are:

"Question No. 1. Did we err in holding that defendant was not entitled to complain on appeal of that portion of the judgment decreeing the property at 344 Park Drive as the separate property of plaintiff and that portion of the judgment decree-

ing the property at 5401 South Flores Street as the separate property of plaintiff on account of the fact that he accepted and collected from plaintiff's interest in the community estate one-half of the community money used in paying obligations against said property?"

"Question No. 2. Did we err in holding that defendant by his action subsequent to the rendition of the judgment had not estopped himself from complaining of the court's action in decreeing the property at 605 Guadalupe Street as the separate property of plaintiff?"

■ A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom. That is the general rule which appears to be universally recognized. It was announced by this court in the early case of Matlow v. Cox, 25 Texas 578. The rule is based on the principle of estoppel. It, however, is subject to the exception that "* * * where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, * * *." 2 Am. Jur., Appeal and Error, Sec. 215. Numerous authorities, approaching the exception from a slightly different angle, define it, in effect, in this language: Where an appellant accepts only that which appellee concedes, or is bound to concede, to be due him under the judgment he is not estopped to prosecute an appeal which involves only his right to a further recovery. Embry v. Palmer, 107 U. S. 3, 2 Sup. Ct. 25, 27 L. Ed. 346; Hodges v. Smith, 34 Texas Civ. App. 635, 79 S. W. 328, error dismissed; Tyler v. Shea, 4 N. D. 377, 61 N. W. 468, 50 Am. St. Rep. 660; Bass v. Ring, 210 Minn. 598, 299 N. W. 679, 169 A. L. R. 980.

■ The exception is narrow. Whether or not this case falls within it must be determined from answers to these questions: Could a reversal of the portions of the judgment referred to in these two certified questions possibly affect appellant's right to the benefits secured by him under the judgment? And would appellee be compelled to concede upon another trial that appellant has the right to retain those benefits regardless of the outcome of the litigation?

As we understand the facts stated in the certificate and in the opinion of the Court of Civil Appeals (234 S. W. 2d 907) appellee instituted this suit in which she claimed that the property mentioned in these questions belonged to her in her separate right. The appellant claimed that it belonged to

the community estate. His claim was denied and he seeks to have that portion of the judgment revised. As the matter now stands, appellant has been awarded and has voluntarily accepted $7,700.00 in cash on the basis of a holding by the trial court that the property belongs to appellee as her separate estate, a part of which was charged with an indebtedness of $15,400.00 in favor of the community. Should the judgment be reversed and the cause remanded to the trial court it would become its mandatory duty to divide the estate of the parties. Article 4638, R. S. 1925. If upon another trial it should be adjudged that the property is community property, the court, for instance, might deem it just and right to award one of these lots to one party and the other two lots to the other party. Clearly, the court would have the authority to do so under the article of the statutes above mentioned by making provisions for adjusting equities. In order to restore the status quo so the court could partition it in the manner indicated it would be necessary for appellant to restore the amount ($7,700.00) received by him under the original judgment. The amount of the community funds remaining undistributed is much less than that sum. It appears, then, that if appellant should be successful in his appeal, and then successful upon another trial in establishing his claim that the property is community, the benefit secured by him under the judgment appealed from would necessarily be affected. Besides, the right of appellee to a partition of the property might well be prejudiced. She certainly would not concede that appellant would be entitled to retain the money paid him on the ground that the property is not community while pressing his claim that it is community. We accordingly answer the first question "No," and the second question, "Yes."

█ Questions 3 and 4 are as follows:

"Question No. 3. Did we err in holding on rehearing that defendant by his action subsequent to the rendition of the judgment had not estopped himself from complaining of the court's action in charging the attorney's fees against his half of the community estate?"

"Question No. 4. Did we err in holding on rehearing that the attorney's fee charged by the trial court solely against the defendant's interest in the community estate was as a matter of law chargeable against the community estate as a whole?"

We first consider No. 4. The decisions of various courts of civil appeals with respect to this question cannot well be har-

monized. As we view the problem, it is not a correct approach to its solution to classify the wife's attorney's fees as a necessity, and then apply the rule that necessities are primarily the obligations of the community and secondarily of the husband's separate estate. That reasoning fails to take into account Article 4638, supra, which provides:

"The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

That statute clearly vests discretion in the trial court in determining the proper division of the community estate of the parties. The court is not required, as a matter of law, to divide that estate equally between them. In practical effect, a decree that the husband pay all of the wife's attorney's fee may be to award him less of the community estate than that awarded to the wife, but that alone does not condemn it. The attorney's fee is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances. We answer question No. 4, "Yes."

In view of our answer to question No. 4, question No. 3 becomes immaterial.

Opinion delivered November 29, 1950.

Rehearing overruled January 10, 1951.