780

## HENDERSON v. HENDERSON.
### No. 10147.

Court of Civil Appeals of Texas. Austin.
June 17, 1953.

C. C. Jopling, La Grange, for appellant.

P. J. Alexander, Smithville, for appellee.

GRAY, Justice.

This suit was instituted by appellant against appellee for divorce on the grounds of cruel treatment, for a recovery of her separate funds, for a division of community property, for attorney's fees and costs of suit.

Plaintiff alleged that she was entitled to reimbursement for her separate funds used in the payment of the purchase price of Lot 8 of Block 79 of the City of Smithville, Texas, which lot was purchased by defendant prior to the marriage but partly paid for after such marriage; she further alleged that she was entitled to reimbursement for her separate funds and for one-half of community funds used in making improvements on said lot. She further alleged that during their marriage she and defendant bought Lot No. 9 in Block No. 79 of Smithville, Texas, and numerous articles of furniture and an automobile, all of which was community property. The further allegation was made that a sum of $1,050.92 was deducted by the Railroad Company, employer of defendant, from his salary and credited to a pension fund and that that sum was community funds.

The defendant denied that any of plaintiff's funds were used to pay any part of the consideration for the purchase of any property; that he had paid for Lot No. 8 prior to their marriage; that Lot No. 9 was purchased after the marriage but paid for with money due him as back pay and that the furniture and automobile were paid for in a similar manner, and that plaintiff was not entitled to recover attorney's fees.

The parties testified as witnesses at the trial. Their testimony is in conflict as to the source of funds used in the purchase of various items of property. The plaintiff testified that such funds were in part proceeds received by her from the sale of her separate property, and that further payments were made from the earnings of the parties after marriage.

Defendant testified that some of the payments in controversy were made by him

prior to the marriage; that some were made by him from funds received by him as "back pay" earned by him prior to the marriage; that some payments were made by him with funds earned by him after the marriage, and he denied that any payments · were made with plaintiff's separate funds.

The evidence shows that for some months prior to the separation defendant had been confined in a hospital, and that his doctors had advised him he would never be able to work. His means of livelihood was from a U. S. Government pension received by him as a veteran of World War I.

Defendant testified that upon his return home from the hospital plaintiff told him that he should not have come home and that she did not have time to wait on him; that he then went to Houston where he was taken care of by his niece; that he remained in Houston two weeks and returned to his home but that plaintiff would not let him come in the house. Plaintiff did not deny this testimony but did testify as to her reasons for separating from defendant.

On trial before the court the plaintiff (hereinafter called appellant) was granted a divorce from defendant (hereinafter called appellee). The divorce is not in issue here.

In his judgment the trial court found that Lot No. 8, supra, was purchased by appellee prior to the marriage but that a part of the purchase price thereof was paid after the marriage and out of community funds; that the improvements on said lot were paid for with community funds; that there was an indebtedness against said lot of $75; that appellee's employer, M. K. & T. Railway Company, had during the marriage of the parties, deducted $1,052 from his wages which was designated "pension fund," and that such deduction constituted community property of the parties. The trial court further found that Lot 9 of Block 79 of the City of Smithville, together with the household furniture and the automobile of the parties was their community property, and that appellant was entitled to receive the sum of $1,140 as her share of the community estate.

Lot 8, supra, was awarded to appellee with a lien fixed thereon to secure appellant in the payment to her of the aforesaid sum of $1,140, appellee being given three years in which to discharge said lien.

A receiver was appointed and directed to sell the community property (other than Lot 8, supra); to pay the proceeds of the sale into the registry of the court with directions that the same be applied first to the payment of all costs accrued in this cause and that the balance be divided equally between the parties with the provision that appellee's one-half be applied on the payment to appellant of her share of $1,-140.

The $75 lien against Lot 8 was charged against appellee.

The court denied appellee's prayer for attorney's fees.

The appeal is before this Court on six points assigned as error and are that the court erred in not allowing attorney's fees; in refusing to find that any of appellant's separate funds were used in the payment for improvements; in holding that all money spent on appellee's separate property was community funds; in refusing to allow interest on the money judgment at the rate of 6%; in holding that the improvements had decreased in value, and in not adjudging all costs solely against the appellee.

The first point complained of is the action of the court in not allowing attorney's fees. This point is overruled since under the facts we cannot say that an abuse of discretion is shown.

The right to an attorney's fee is largely within the discretion of the court. Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002; Edsall v. Edsall, Tex.Civ.App., 240 S.W.2d 424, and cases therein cited.

In the Carle case [149 Tex. 469, 234 S.W.2d 1005], the rule was stated as follows:

"We first consider question No. 4. The decisions of various courts of civil appeals with respect to this question cannot well be harmonized. As we view the problem, it is not a correct approach to its solution to classify

the wife's attorney's fees as a necessity, and then apply the rule that necessities are primarily the obligations of the community and secondarily of the husband's separate estate. That reasoning fails to take into account Article 4638, supra, which provides: 'The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate.'

"That statute clearly vests discretion in the trial court in determining the proper division of the community estate of the parties. The court is not required, as a matter of law, to divide that estate equally between them. In practical effect, a decree that the husband pay all of the wife's attorney's fees may be to award him less of the community estate than that awarded to the wife, but that alone does not condemn it. The attorney's fee is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances."

The appellee is suffering from heart trouble, had lost the sight of an eye, and was unable to work, but was living on a pension. The appellant was employed and was awarded, what the court found to be, a fair division of the property. Doubtless the trial court took into consideration all phases of the rights of the parties in the property and concluded that the judgment he entered was fair and we do not feel authorized to substitute our own judgment for that of the trial court who tried the case and determined the fact issues and used his own discretion under the law to decree and order a division of the estate of the parties, having due regard to the rights of each of them.

We do not feel justified in allowing interest on the amount awarded the appellant. The court has appointed a receiver and ordered the personal property sold and provided that the money due the appellee be applied on appellant's judgment.

In Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 23, the Supreme Court discussed the effect of the statute regarding the disposition of property in divorce cases and stated:

"Its language ought to be given the meaning uniformly ascribed to it by this court, and that is, that the court pronouncing a decree of divorce is invested with wide discretion in disposing of any and all property of the parties, separate or community, and that its action, in the exercise of such discretion, should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair." Carle v. Carle, supra.

We do not believe the court was in error in finding that none of appellant's separate funds were used on appellee's property but that all such funds were community property. The appellant testified concerning funds which she claimed to be separate property, but the court heard the evidence, saw and observed the parties, and concluded that no such separate funds were identified as having been used.

An examination of the trial court's judgment does not show that the costs were taxed against either party, or against them jointly.

It is our opinion that the costs in the court below should be taxed against appellee and such costs are accordingly so taxed.

We find no reversible error presented by appellant's points and the same are overruled.

The judgment of the trial court is reformed so as to tax all costs in the court below against appellee, and as reformed the judgment is affirmed.

Reformed and affirmed.