NO. 07-99-0303-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 9, 2000

______________________________

IN THE MATTER OF THE MARRIAGE OF

KELLY JEAN KIMBALL NAGY AND DENNIS EUGENE NAGY

_________________________________

FROM THE 410TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 98-07-02511-CV; HONORABLE K. MICHAEL MAYES, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

ON MOTION TO DISMISS

Appellant Kelly Kimball Nagy brings this appeal complaining of the June 3, 1999 decree of divorce dividing the marital estate.  By four issues, she contends the trial court erred in granting the motion for partial summary judgment of appellee Dennis Eugene Nagy asserting that the post-marital agreement was unenforceable.  In response, and in addition to his brief, Dennis presents his motion to dismiss the appeal on the ground that Kelly has accepted the benefits of the decree of divorce and cannot now prosecute this appeal.  Based on the rationale expressed herein, we grant the motion to dismiss the appeal.

Following a three year relationship, Kelly and Dennis were married on January 10, 1998.  On May 8, 1998, they signed a post-marital agreement prepared by Kelly’s attorney.  Subsequently, Kelly filed her petition for divorce on July 17, 1998.  She sought to enforce the post-marital agreement that provided, in part, that upon divorce, Kelly would receive  $200,000 from the sale of two lots described in a warranty deed executed simultaneously with the post-marital agreement.  After the trial court signed its order upon Dennis’s motion for partial summary judgment declaring the post-marital agreement unenforceable and of no force or effect, the trial court granted Kelly’s motion for rehearing on the condition that she file a response to the motion for partial summary judgment and pay Dennis’s attorney $1,000 in fees.  Because Kelly failed to timely file her response and pay the attorney’s fees, the trial court overruled Kelly’s motion for rehearing.

Following a trial before the bench, the trial court signed the final decree of divorce dividing the marital estate.  As material here, in addition to awarding certain personal property to Kelly, the court also awarded $5,000 to Kelly to be paid by Dennis within 30 days of the date of the decree.  The decree does not however (1) make any reference or mention of the partial summary judgment, (2) mention or reference the post-marital agreement, nor (3) mention or reference the warranty deed conveying to Kelly an “undivided interest in and to lots 6 and 7, Block 1 . . . ."

A litigant cannot assert that a judgment is both right and wrong, and if a litigant voluntarily accepts the benefits of a judgment, he or she cannot thereafter prosecute an appeal therefrom.   Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950).  By his affidavit in support of his motion to dismiss, Dennis avers that in addition to carrying out the division of personal property per the decree of divorce, he paid the $5,000 awarded to Kelly by two checks, one dated May 26, 1999, in the amount of $1,000, and the balance by check dated June 29, 1999.  The copy of the check dated June 29,1999, in the amount of $4,000, is annotated “$4,000 of 5,000 Divorce Settlement.”  Dennis contends that by accepting the benefits of the decree that Kelly is estopped from prosecuting the appeal.  In opposition, Kelly asserts that her acceptance was out of economic necessity and therefore not voluntary.  Also, asserting the exception to the general rule,
(footnote: 1) Kelly contends she is not estopped to maintain the appeal because she was entitled to the payment of $200,000 under the post-marital agreement and Dennis was bound to concede her rights to such payment. 

Because Kelly appeals only from the order granting partial summary judgment, no reporter’s record is included in the appellate record.  By footnote in her response to the motion to dismiss, she asserts that “[a]t  trial, the trial court ordered a division of the parties’ personal property as had been agreed by the parties”; however, no record is provided to support her assertions, or show the action of the trial court, if any, regarding the property conveyed to her by the warranty deed.  Accordingly, based upon the record before us, we conclude that the 
Carle
 exception is not applicable and Dennis’s motion to dismiss the appeal is granted.  Accordingly, the appeal is hereby dismissed.

It is so ordered.

Don H. Reavis

     Justice 

Do not publish.

FOOTNOTES
1:
Where an appellant accepts only that which appellee concedes, or is bound to concede, to be due him under the judgment he is not estopped to prosecute an appeal which involves only his right to a further recovery.  
Carle
, 234 S.W.2d at 1004.