NO. 07-02-0087-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 19, 2002

_____

IN THE MATTER OF THE MARRIAGE OF
LYBBY L. BAGGETT AND LARRY K. BAGGETT

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 01-04-18,365; HONORABLE ANDY KUPPER, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION TO DISMISS

Larry K. Baggett (Larry) and Lybby L. Baggett (Lybby) have both appealed from a divorce decree entered by the trial court on November 16, 2001. The reporter's and clerk's records have been filed. We now have before us a motion filed by Lybby in which she requests that we dismiss Larry's appeal because he has "voluntarily accepted benefits from the divorce decree." She cites no authority in support of her request. We also have before

us Larry's request for an extension of time to file his appeal brief until May 2, 2002, due to his need to respond to the motion to dismiss and other trial commitments of his counsel.

It has been held that a litigant may not treat a judgment as both right and wrong by voluntarily accepting benefits awarded by it and also prosecuting an appeal from it. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950). However, the rule does not apply when a reversal of the judgment on the grounds asserted by the appellant could not possibly affect the benefits received. *Demler v. Demler*, 836 S.W.2d 696, 697 (Tex.App.--Dallas 1992, no writ); *see also Matter of Marriage of Beavers*, 648 S.W.2d 729, 732 (Tex.App.--Amarillo 1983, no writ).

In support of her motion to dismiss, Lybby references testimony by Larry at a hearing on post-judgment motions in which he states he took some of his clothes and some barrels, bullets, primers, and powder that he needed to compete with his target rifles, which were allegedly awarded to him in the final divorce decree. However, Larry's notice of appeal does not give any indication of the issues he intends to assert on appeal and, since he has not yet filed his brief, we have no way of knowing what those issues might be and whether reversal of the divorce decree based on those issues could possibly have an effect on the award of those items.

Accordingly, we overrule Lybby's motion to dismiss at this time. Further, Larry is hereby granted until May 2, 2002, to file his brief in this appeal.

Per Curiam

Do not publish.

2