COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

                                        NO.
2-08-387-CV

 

 

GRAY
LAW, L.L.P.                                                               APPELLANT

                                                   V.

 

T
& H PARTNERS, LTD.                                                          APPELLEE

 

 

                                              ------------

 

            FROM THE 48TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction

In six issues, Appellant Gray Law, L.L.P. appeals
the trial court=s order granting summary
judgment and a motion to dismiss in favor of Appellee T & H Partners,
Ltd.  Because we conclude that the
underlying issues are moot, we dismiss this appeal for lack of jurisdiction.

                              II.  Factual and Procedural History








In 2002, Katheryn Gray and Jay Gray filed for
divorce.  In March 2005, Jay, a partner
in Gray Law entered into a rule 11 agreement with Katheryn authorizing the sale
of Gray Law=s lot and building and asking
the divorce court to appoint James Handy as receiver to accomplish the
sale.  In June 2005, Handy executed a
contract for sale of the property and filed a receiver=s motion
for confirmation of contract.

During a hearing on the motion, Jay argued that
Gray Law was not subject to his and Katheryn=s rule
11 agreement, that the property was not part of the community estate, and that
Gray Law had not appeared before the divorce court at the time Jay and Katheryn
entered into the rule 11 agreement.  The
divorce court noted, however, that Jay had agreed to the sale and that the only
other partner in Gray Law, John R. Howie, Jr., had also agreed to the
sale.  At the conclusion of the hearing,
the divorce court granted the motion for confirmation of the contract and
ordered that the net proceeds from the sale of the property be deposited into
the court registry.








In July 2005, Gray Law filed a petition for writ
of mandamus in this court requesting emergency relief, contending that the
divorce court=s order appointing a receiver
over partnership property and approving the receiver=s sale
of the property was void because the partnership=s
property was not subject to the community estate and was sold without notice or
hearing to the partnership.  In August
2005, this court issued a memorandum opinion denying Gray Law=s
requested relief.  In re Gray Law,
L.L.P., No. 02‑05‑00271‑CV, 2005 WL 1838967, at *1 (Tex.
App.CFort
Worth Aug. 3, 2005, no pet.) (mem. op.). 
In September 2005, Handy conveyed the subject property to 121
Properties, L.P. and filed a motion to approve the final sale report.

During a hearing on the motion, Gray Law
reiterated the same objections to the receiver selling the property that it had
made during the previous hearing.  At the
conclusion of the hearing, the divorce court approved the order submitted by
Handy and ordered that the monies from the sale be placed in the court registry
for Gray Law.  In November 2005, Gray Law
filed a petition for writ of mandamus in this court arguing that the proceeds
of the sale should be paid to Gray Law. 
In April 2006, this court issued a memorandum opinion in which we
concluded that the monies from the sale of the subject property belonged to the
partnership and therefore should be paid to Gray Law.  In re Gray Law, L.L.P., No. 02‑05‑00379‑CV,
2006 WL 1030206, at *4 (Tex. App.CFort
Worth Apr. 20, 2006, no pet.) (mem. op.). 
In May 2006, the divorce court signed an order paying the monies to Gray
Law.








In December 2006, the divorce court entered a
final judgment in Jay and Katheryn=s
divorce proceedings that dismissed all of Gray Law=s claims
against Katheryn.  In March 2007, Gray
Law and Jay, individually, gave notice of appeal from the December 2006 final
judgment.  Gray Law argued that the
divorce court lacked jurisdiction over it at the time the divorce court
approved the sale of Gray Law=s
property and therefore the sale was void. 
In November 2007, this court expressed its concern that, because the
proceeds from the sale of the subject property had been disbursed to Gray Law,
the appeal was moot and would be so adjudicated absent a showing of grounds for
continuation of the appeal.  Jay and Gray
Law responded in writing that they had Ano
objection@ to the appeal being dismissed
as moot.  In response, this court issued
a memorandum opinion and judgment that dismissed the appeal as moot.  Gray v. Gray, No. 02‑07‑00099‑CV,
2008 WL 110450, *1 (Tex. App.CFort
Worth Jan. 10, 2008, no pet.) (mem. op.).

In February 2007, Gray Law filed a trespass to
try title action against T & HCthe
current owner of the subject propertyCasserting
that, because the trial court lacked subject matter jurisdiction over Gray Law
in the prior proceedings, the divorce court=s orders
appointing a receiver and approving the sale of Gray Law=s
property were void.  In response,
T & H filed both a motion to dismiss as moot and a no-evidence
motion for summary judgment.  In August
2008, the trial court granted both motions in favor of T & H.  This appeal followed.

                               III.  Acceptance of the Benefits








On appeal, Gray Law challenges the divorce court=s orders
appointing a receiver over, and approving the sale of, Gray Law=s
property.  Specifically, Gray Law argues
that because the divorce court, in the prior proceedings, lacked jurisdiction
to enter the orders, the orders were void and therefore a controversy exists,
in the current proceedings, as to the property=s chain
of title.  T & H, however, asserts
that Gray Law=s acceptance of the sale
proceeds in the prior proceedings renders this appeal moot and thereby deprives
this court of jurisdiction.[2]  Thus, as a threshold matter, we must
determine whether we have jurisdiction over this appeal.








Under the acceptance of benefits doctrine, a
party who has voluntarily accepted the benefits of a judgment may not
thereafter prosecute an appeal from it.  Carle
v. Carle, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950).  There are two exceptions to this
doctrine.  First, a party who has
voluntarily accepted benefits of a judgment may prosecute an appeal if it would
still be entitled to those benefits upon reversal of a judgment and retrial of
the case.  Id.  Second, a party may prosecute an appeal if it
must accept the benefits of the judgment because of financial duress.  Haggard v. Haggard, 550 S.W.2d 374, 376
(Tex. Civ. App.CDallas 1977, no writ).  In the latter situation, the party is said
not to have Avoluntarily@
accepted the benefits of the judgment.  See
id.  If the doctrine applies, the
appeal is rendered moot and the proper disposition is dismissal.  Bloom v. Bloom, 935 S.W.2d 942, 945
(Tex. App.CSan Antonio 1996, no writ); City
of Mesquite v. Rawlins, 399 S.W.2d 162, 169 (Tex. Civ. App.CTyler
1966, writ ref=d n.r.e.).

Here, Gray Law concedes that it accepted the
proceeds from the sale of its property. 
Therefore, we must determine whether one of the exceptions applies. 

A. 
Entitlement to the Proceeds

The evidence does not support, and Gray Law does
not argue, that it would be entitled to the sale proceeds upon reversal of the
judgment and retrial of the case.  See
Carle, 234 S.W.2d at 1004.  On the
contrary, Gray Law, during oral arguments, stated that it would be willing to
return the proceeds upon reversal of the judgment.  Therefore, we hold the first exceptionCthat is,
entitlement to the proceeds upon reversal of the judgmentCdoes not
apply.








B. 
Economic Duress








As to the second exception, economic duress, Gray
Law argues that it only accepted the proceeds because it Awas left
no alternative.@ 
In support of its argument, Gray Law directs our attention to the
petition for writ of mandamus that it filed in this court, in which Gray Law,
in essence, asked this court to stop the sale of its property and we denied
relief.  However, the economic duress
exception may be claimed only when the party against whom it is claimed was
responsible for the claimant=s financial
distress.  Deer Creek Ltd. v. North
Am. Mortgage Co., 792 S.W.2d 198, 203 (Tex. App.CDallas
1990, no writ); Gaspard v. Logix Commc=ns Corp., No. 14‑00‑00688‑CV,
2001 WL 1590080, at *2 (Tex. App.CHouston
[14th Dist.] Dec. 13, 2001, no pet.) (not designated for publication).  Here, Gray Law does not claim, nor does it
produce evidence indicating, that T & H was responsible for its financial
distress.[3]  Therefore, because T & H is not the party
responsible for Gray Law=s financial distress, we hold
the second exception to the acceptance of benefits doctrine does not apply.

                                          IV.  Conclusion

For the reasons stated above, we conclude the
acceptance of benefits doctrine applies and therefore renders this appeal
moot.  See Bloom, 935
S.W.2d at 945; see also City of Mesquite, 399 S.W.2d at 164.  Accordingly, we dismiss this appeal for lack
of jurisdiction.

 

 

BOB
MCCOY

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and MCCOY, JJ.

 

DELIVERED: August 6, 2009











[1]See Tex. R. App. P. 47.4.





[2]In oral arguments before
this court, Gray Law claimed that T & H had failed to raise the acceptance
of benefits doctrine in its motion for summary judgment and therefore had
waived this issue on appeal.  However,
the record reflects that T & H raised the acceptance of benefits doctrine
in its motion to dismiss as moot.





[3]Gray Law had the
opportunity to overcome the acceptance of benefits doctrine when it appealed
the divorce court=s final judgment and this
court sent a letter to Gray Law stating that the appeal would be dismissed as
moot unless a showing of grounds for continuation was provided.  See Smith v. Smith, 143 S.W.3d 206,
212 (Tex. App.CWaco 2004, no pet.)
(holding that, because of the economic circumstances created by the court=s property division, wife=s acceptance of the
benefit was not voluntary and therefore husband=s argument as to the
acceptance of benefits doctrine did not apply). 
At that time, however, Gray Law responded that it had no objection to
the appeal being dismissed as moot.  See
Gray, 2008 WL 110450, at *1.