

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-387-CV

GRAY LAW, L.L.P.                                              APPELLANT

V.

T & H PARTNERS, LTD.                                          APPELLEE

------------

## FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In six issues, Appellant Gray Law, L.L.P. appeals the trial court's order granting summary judgment and a motion to dismiss in favor of Appellee T & H Partners, Ltd. Because we conclude that the underlying issues are moot, we dismiss this appeal for lack of jurisdiction.

### II. Factual and Procedural History

---

[1] *See* Tex. R. App. P. 47.4.

In 2002, Katheryn Gray and Jay Gray filed for divorce. In March 2005, Jay, a partner in Gray Law entered into a rule 11 agreement with Katheryn authorizing the sale of Gray Law's lot and building and asking the divorce court to appoint James Handy as receiver to accomplish the sale. In June 2005, Handy executed a contract for sale of the property and filed a receiver's motion for confirmation of contract.

During a hearing on the motion, Jay argued that Gray Law was not subject to his and Katheryn's rule 11 agreement, that the property was not part of the community estate, and that Gray Law had not appeared before the divorce court at the time Jay and Katheryn entered into the rule 11 agreement. The divorce court noted, however, that Jay had agreed to the sale and that the only other partner in Gray Law, John R. Howie, Jr., had also agreed to the sale. At the conclusion of the hearing, the divorce court granted the motion for confirmation of the contract and ordered that the net proceeds from the sale of the property be deposited into the court registry.

In July 2005, Gray Law filed a petition for writ of mandamus in this court requesting emergency relief, contending that the divorce court's order appointing a receiver over partnership property and approving the receiver's sale of the property was void because the partnership's property was not subject to the community estate and was sold without notice or hearing to the

partnership. In August 2005, this court issued a memorandum opinion denying Gray Law's requested relief. *In re Gray Law, L.L.P.*, No. 02-05-00271-CV, 2005 WL 1838967, at *1 (Tex. App.—Fort Worth Aug. 3, 2005, no pet.) (mem. op.). In September 2005, Handy conveyed the subject property to 121 Properties, L.P. and filed a motion to approve the final sale report.

During a hearing on the motion, Gray Law reiterated the same objections to the receiver selling the property that it had made during the previous hearing. At the conclusion of the hearing, the divorce court approved the order submitted by Handy and ordered that the monies from the sale be placed in the court registry for Gray Law. In November 2005, Gray Law filed a petition for writ of mandamus in this court arguing that the proceeds of the sale should be paid to Gray Law. In April 2006, this court issued a memorandum opinion in which we concluded that the monies from the sale of the subject property belonged to the partnership and therefore should be paid to Gray Law. *In re Gray Law, L.L.P.*, No. 02-05-00379-CV, 2006 WL 1030206, at *4 (Tex. App.—Fort Worth Apr. 20, 2006, no pet.) (mem. op.). In May 2006, the divorce court signed an order paying the monies to Gray Law.

In December 2006, the divorce court entered a final judgment in Jay and Katheryn's divorce proceedings that dismissed all of Gray Law's claims against Katheryn. In March 2007, Gray Law and Jay, individually, gave notice of

3

appeal from the December 2006 final judgment. Gray Law argued that the divorce court lacked jurisdiction over it at the time the divorce court approved the sale of Gray Law's property and therefore the sale was void. In November 2007, this court expressed its concern that, because the proceeds from the sale of the subject property had been disbursed to Gray Law, the appeal was moot and would be so adjudicated absent a showing of grounds for continuation of the appeal. Jay and Gray Law responded in writing that they had "no objection" to the appeal being dismissed as moot. In response, this court issued a memorandum opinion and judgment that dismissed the appeal as moot. *Gray v. Gray*, No. 02-07-00099-CV, 2008 WL 110450, *1 (Tex. App.—Fort Worth Jan. 10, 2008, no pet.) (mem. op.).

In February 2007, Gray Law filed a trespass to try title action against T & H—the current owner of the subject property—asserting that, because the trial court lacked subject matter jurisdiction over Gray Law in the prior proceedings, the divorce court's orders appointing a receiver and approving the sale of Gray Law's property were void. In response, T & H filed both a motion to dismiss as moot and a no-evidence motion for summary judgment. In August 2008, the trial court granted both motions in favor of T & H. This appeal followed.

### III.  Acceptance of the Benefits

4

On appeal, Gray Law challenges the divorce court's orders appointing a receiver over, and approving the sale of, Gray Law's property. Specifically, Gray Law argues that because the divorce court, in the prior proceedings, lacked jurisdiction to enter the orders, the orders were void and therefore a controversy exists, in the current proceedings, as to the property's chain of title. T & H, however, asserts that Gray Law's acceptance of the sale proceeds in the prior proceedings renders this appeal moot and thereby deprives this court of jurisdiction.[2] Thus, as a threshold matter, we must determine whether we have jurisdiction over this appeal.

Under the acceptance of benefits doctrine, a party who has voluntarily accepted the benefits of a judgment may not thereafter prosecute an appeal from it. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950). There are two exceptions to this doctrine. First, a party who has voluntarily accepted benefits of a judgment may prosecute an appeal if it would still be entitled to those benefits upon reversal of a judgment and retrial of the case. *Id.* Second, a party may prosecute an appeal if it must accept the benefits of the judgment

---

[2] In oral arguments before this court, Gray Law claimed that T & H had failed to raise the acceptance of benefits doctrine in its motion for summary judgment and therefore had waived this issue on appeal. However, the record reflects that T & H raised the acceptance of benefits doctrine in its motion to dismiss as moot.

5

because of financial duress. *Haggard v. Haggard*, 550 S.W.2d 374, 376 (Tex. Civ. App.—Dallas 1977, no writ). In the latter situation, the party is said not to have "voluntarily" accepted the benefits of the judgment. *See id.* If the doctrine applies, the appeal is rendered moot and the proper disposition is dismissal. *Bloom v. Bloom*, 935 S.W.2d 942, 945 (Tex. App.—San Antonio 1996, no writ); *City of Mesquite v. Rawlins*, 399 S.W.2d 162, 169 (Tex. Civ. App.—Tyler 1966, writ ref'd n.r.e.).

Here, Gray Law concedes that it accepted the proceeds from the sale of its property. Therefore, we must determine whether one of the exceptions applies.

## A. Entitlement to the Proceeds

The evidence does not support, and Gray Law does not argue, that it would be entitled to the sale proceeds upon reversal of the judgment and retrial of the case. *See Carle*, 234 S.W.2d at 1004. On the contrary, Gray Law, during oral arguments, stated that it would be willing to return the proceeds upon reversal of the judgment. Therefore, we hold the first exception—that is, entitlement to the proceeds upon reversal of the judgment—does not apply.

**B. Economic Duress**

As to the second exception, economic duress, Gray Law argues that it only accepted the proceeds because it "was left no alternative." In support of its argument, Gray Law directs our attention to the petition for writ of mandamus that it filed in this court, in which Gray Law, in essence, asked this court to stop the sale of its property and we denied relief. However, the economic duress exception may be claimed only when the party against whom it is claimed was responsible for the claimant's financial distress. *Deer Creek Ltd. v. North Am. Mortgage Co.*, 792 S.W.2d 198, 203 (Tex. App.—Dallas 1990, no writ); *Gaspard v. Logix Commc'ns Corp.*, No. 14-00-00688-CV, 2001 WL 1590080, at *2 (Tex. App.—Houston [14th Dist.] Dec. 13, 2001, no pet.) (not designated for publication). Here, Gray Law does not claim, nor does it produce evidence indicating, that T & H was responsible for its financial distress.[3] Therefore, because T & H is not the party responsible for Gray Law's

---

[3] Gray Law had the opportunity to overcome the acceptance of benefits doctrine when it appealed the divorce court's final judgment and this court sent a letter to Gray Law stating that the appeal would be dismissed as moot unless a showing of grounds for continuation was provided. *See Smith v. Smith*, 143 S.W.3d 206, 212 (Tex. App.—Waco 2004, no pet.) (holding that, because of the economic circumstances created by the court's property division, wife's acceptance of the benefit was not voluntary and therefore husband's argument as to the acceptance of benefits doctrine did not apply). At that time, however, Gray Law responded that it had no objection to the appeal being dismissed as moot. *See Gray*, 2008 WL 110450, at *1.

financial distress, we hold the second exception to the acceptance of benefits doctrine does not apply.

### IV. Conclusion

For the reasons stated above, we conclude the acceptance of benefits doctrine applies and therefore renders this appeal moot. *See Bloom*, 935 S.W.2d at 945; *see also City of Mesquite*, 399 S.W.2d at 164. Accordingly, we dismiss this appeal for lack of jurisdiction.


BOB MCCOY
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED: August 6, 2009