Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion
filed August 31, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00720-CV

___________________

 

Wilma Reynolds, Appellant

 

V.

 

David Reynolds, Appellee



 



 

On
Appeal from the 300th District Court

Brazoria County,
Texas



Trial Court Cause No. 48170

 



 

 

MEMORANDUM OPINION

            In this divorce case, Wilma
Reynolds challenges the trial court’s division of the marital estate.  She
contends the evidence is insufficient to support the trial court’s conclusion
that David Reynolds’s interests in certain entities had not vested, and thus,
the evidence does not support the trial court’s valuation of those interests. 
She further contends that the trial court failed to exercise its discretion
properly in dividing the marital estate because the court denied her certain
discovery and therefore lacked sufficient information on which to base its
valuation.  In a subsidiary argument, she contends that the trial court abused
its discretion in granting David’s motion for protection and sanctions
regarding her post-judgment discovery requests.  David moved to dismiss the
appeal, arguing that Wilma is estopped from bringing this appeal because she
accepted the benefits awarded to her.  The motion was taken with the case.  

            We conclude that Wilma accepted the
benefits of the judgment, which included an award of a portion of David’s 2008
income.  We further conclude that the trial court abused its discretion in
protecting documentation of that income from discovery and in sanctioning Wilma
for requesting them.  We therefore deny the motion to dismiss, affirm the divorce
decree, reverse the trial court’s order on David’s post-judgment motion for protection
and sanctions, and remand for David to respond to Wilma’s post-judgment
discovery requests. 

I.  Factual and Procedural Background

            David is the chief technology officer of
Quantlab Financial, LLC (“Quantlab”), and is paid a base salary and substantial
bonuses.  He also participates with his employer in two entities, Quantlab
Trading Partners US, LLP (“QTP”) and Quantlab Incentive Partners I, LLC
(“QIP”).  According to David, he is a limited partner in QTP and receives monthly
income and the majority of his bonuses from that entity.  He also is entitled
to receive a share of QTP’s profits.  David receives additional income from
QIP.

            After eleven years of marriage, David
petitioned for divorce from Wilma in July 2008.  Wilma valued the community
estate at $6,711,744.46, exclusive of David’s interests in QTP and QIP.  David
maintained that this figure includes the value of those interests because they
are not vested.  Wilma served numerous discovery requests to David and his
employer seeking the vesting and participation agreements, operating
agreements, and other information about the two entities.  The agreements
concerning QIP were produced, but those concerning QTP were not.  The trial
court overruled a few of David’s objections, but for the most part, it denied
Wilma’s motions to compel discovery responses and granted David’s motions for
protection.  At trial, Quantlab’s lawyer testified that David’s interest in QIP
is not vested and that he can be redeemed out of QTP at any time because he
participates solely at the discretion of the general partner.  David testified
that his estimated 2008 income from QIP is $249,454.00.

            The trial court rendered judgment awarding
Wilma $3,220,874.74 from a particular investment account, together with “50
percent of the year 2008 Estimated Income from [QIP] after taxes are paid on
the income,” and other property.  At Wilma’s request, the court issued findings
of fact and conclusions of law, but did not respond to her requests for
additional or amended findings and conclusions.  Wilma timely appealed.

            In September 2009, Wilma served David
with a post-judgment request for production of documents concerning his 2008
QIP income.  David moved for protection and for sanctions on the grounds that
the requests were frivolous, oppressive, and harassing because the judgment had
been satisfied.  In support of the motion, David offered an excerpt from a
hearing transcript in which Wilma admitted that $3,220,874.74 was wired to her
bank account on May 27, 2009.  In response, Wilma pointed out that the trial
court had awarded her a share of David’s 2008 QIP income in addition to the
award from the investment account.  The trial court granted David’s motion and
sanctioned Wilma $750.00.  Wilma then filed a supplemental notice of appeal to
challenge this order.  David moved to dismiss the appeal on the ground that
Wilma accepted the benefits of the award and therefore is estopped to challenge
it.  We took the motion with the appeal, and now address all of the matters
presented.

II.  Issues Presented

            In two issues, Wilma argues that the
evidence is legally and factually insufficient to support the trial court’s
conclusion that David’s interest in QTP and QIP had not vested.  In a third
issue, she contends that the trial court could not properly exercise its
discretion in dividing the marital property because it denied her discovery
necessary to value the property.  

 

III.  Analysis

A.        Acceptance of Benefits

            Because it is potentially dispositive, we
first address David’s request that we dismiss Wilma’s appeal on the ground that
she accepted the benefits awarded to her in the divorce decree.  See Carle
v. Carle, 149 Tex. 469, 472, 234 S.W.2d 1002, 1004 (1950) (explaining that
a party who accepts the benefits of a judgment is estopped from appealing it);
Waite v. Waite, 150 S.W.3d 797, 803 (Tex. App.—Houston [14th Dist.] 2004,
pet. denied) (same).  The property awarded to Wilma included $3,220,874.74 from
the parties’ investment account.  This sum represents about 49% of the net
marital estate as found by the trial court, and about 96% of the property
awarded to Wilma, exclusive of her share of David’s 2008 QIP income.[1]  It is undisputed
that within ten days after the trial court signed the divorce decree, the funds
had been transferred to Wilma’s account, and she had withdrawn and spent $1.7
million. 

            Wilma concedes that she accepted the
benefits of the judgment, but she argues that her appeal falls within an
exception to the estoppel doctrine.  “Where an appellant accepts only that
which appellee concedes, or is bound to concede, to be due appellant under the
judgment[,] appellant is not estopped to prosecute an appeal which involves
only a right to further recovery.”  Carle, 149 Tex. at 472, 234 S.W.2d at
1004.  This exception applies if (1) the “appellee would be compelled to
concede upon another trial that appellant has the right to retain those
benefits regardless of the outcome of the litigation,” and (2) a reversal
of those portions of the judgment challenged by appellant could not “possibly
affect appellant’s right to the benefits secured by [her] under the judgment.” 
Id.  

            Wilma argues that the first of these
requirements is met because David became “contractually bound to concede the
$3,220,870.74” to her when he signed the divorce decree, approving it as to
form and substance.  She bases this argument on the following language in the
divorce decree: “The Court finds that the parties have entered into a written
agreement as contained in this decree by virtue of having approved this decree
as to both form and substance.  To the extent permitted by law, the parties
stipulate the agreement is enforceable as a contract.”  Because David signed
the judgment indicating his approval, but Wilma did not, she argues that the judgment
became a property agreement that binds David in the event of a retrial, but does
not bind her.  In other words, Wilma argues that she may enforce the judgment’s
terms against David as a consent decree or a property agreement, while
simultaneously maintaining that she did not consent to the judgment’s terms,
agree to the property division, or sign the judgment.  

            These arguments are without merit.  The
judgment cannot be a property agreement: Wilma did not sign it, and a marital
property agreement must be signed by both parties.  Tex. Fam. Code Ann. § 4.104 (Vernon 2006).  It is not a
consent decree: Wilma did not approve it, and a consent decree may not be
rendered when the consent of any party is lacking.  See Rogers v. Rogers,
806 S.W.2d 886, 889 (Tex. App.—Corpus Christi 1991, no writ); see also Chang
v. Nguyen, 81 S.W.3d 314, 316 n.1 (Tex. App.—Houston [14th Dist.] 2001, no
pet.) (explaining that a consent judgment is one to which each party explicitly
and unmistakably gives its consent, and this is not shown merely by the phrase “approved
as to form and substance”).  And finally, the trial court’s decree as to the
division of the estate could not be enforced by or against anyone if we were to
reverse it as Wilma has asked.  See In re S.S.G., 208 S.W.3d 1, 3 (Tex.
App.—Amarillo 2006, pet. denied) (“The effect of our reversal [would be] to
nullify the judgment of the trial court, leaving it as if it had never been
rendered other than as to further rights of appeal.”).  

            Because Wilma has not shown that her
appeal of the trial court’s division of the marital estate falls within an
exception to the estoppel doctrine, we overrule all of Wilma’s challenges to
the property division and affirm the divorce decree.  We do not grant David’s
motion to dismiss Wilma’s entire appeal, however, because the estoppel
arguments apply only to Wilma’s challenges to the divorce decree, not to her
appeal of the trial court’s order sanctioning her and preventing her from
discovering David’s QIP 2008 income.  

B.        Post-Trial Discovery and Sanctions

            We review a trial court’s discovery-related
protective order and its imposition of sanctions for abuse of discretion.  Low
v. Henry, 221 S.W.3d 609, 614 (Tex. 2007) (sanctions); Boales v.
Brighton Builders, Inc., 29 S.W.3d 159, 168 (Tex. App.—Houston [14th Dist.]
2000, pet. denied) (protective orders).[2]
 A trial court abuses its discretion if its actions are arbitrary or
unreasonable.  Cire v. Cummings, 134 S.W.3d 835, 839 (Tex. 2004).  

            Here, the trial court awarded Wilma half
of David’s 2008 post-tax income from QIP, and instructed the parties and their
counsel in open court that David’s attorney was to provide documentation of
that amount as follows:  

If you’ll look over on Page 25 [of the proposed judgment],
I have included an asterisk there.  The estimated income from QuantLab
Incentive Partners I, L.L.C., [is] listed at $124,727 to each of the parties.  My
asterisk is whatever that amount is, since it is an estimated number.  When it
is received and finalized insofar as an amount, then it will be divided 50-50
whether it represents 124,727 to each or more or less.  Whatever that number is
that is going to be received, that’s going to be split 50-50; and it is a net
50-50 after taxes have been paid on that income.

So, once income is received, the documentation verifying
the amount will be provided to [David’s attorney] whose office will forward it
to [Wilma’s attorney]; and then taxes will be assessed on that insofar as the
estimated taxes to be paid on that income actually received.  And then after
the taxes are paid, then the remaining net will be split 50-50.

Wilma requested documentation regarding David’s 2008
QIP income, and the record does not indicate that he responded with any objections. 
Instead, he moved for a protective order and for sanctions, asserting that the
judgment had been paid because he transferred $3,220,874.74 to Wilma a few days
after the trial court signed the divorce decree.  The trial court granted David’s
motion.

            The record, however, shows that the award
of $3,220,874.74 was in addition to the award of half of David’s 2008 post-tax
QIP income; thus, payment of one did not excuse David’s obligation to pay the
other.  Moreover, the trial court specifically instructed the parties five
months earlier that David was to produce documentation of that income when it
was received and finalized.  Wilma did not engage in conduct warranting
sanctions by requesting that such documents be produced.  

            We conclude that the trial court abused
its discretion by sanctioning Wilma and granting David’s motion protecting
documents about his 2008 QIP income from discovery.  We therefore sustain her
challenge to the trial court’s order.

IV.  Conclusion

            Because Wilma accepted the benefits of
the trial court’s division of the marital estate, she is estopped from
appealing it.  We therefore overrule Wilma’s issues challenging the portion of
the divorce decree concerning the characterization and division of the marital
property.  Her post-judgment discovery requests, however, were consistent with
and in furtherance of the trial court’s judgment and instructions to the
parties.  Thus, we reverse the trial court’s order of October 6, 2009 sanctioning
Wilma and protecting documentation of David’s 2008 QIP income from discovery,
and we remand the case with instructions that the trial court allow David
thirty days from the date of the mandate to respond to Wilma’s post-judgment discovery
requests concerning David’s 2008 post-tax QIP income.  

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel
consists of Justices Brown, Sullivan, and Christopher.

 









[1] The remaining property
awarded to her consisted of the household items in her possession, valued at
$2,000.00; a checking account with a balance of $1,549.81; a vehicle with a net
value of $6,720.68; and half of David’s estimated 2008 QIP income.





[2] Although discovery
orders, both pretrial and post-trial, are commonly reviewed by mandamus, we may
address them when deciding an appeal from the final judgment in the underlying
suit.  Parks v. Huffington, 616 S.W.2d 641, 643–45 (Tex. App.—Houston
[14th Dist.] 1981, writ ref’d n.r.e.).