**Opinion issued July 18, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

### NO. 01-23-00586-CV

————————————

**MARY RUFFIN, Appellant**

**V.**

**TRI COUNTY AUTO SALVAGE, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1189105**

---

## MEMORANDUM OPINION

This appeal arises from a dispute over auto repairs. Mary Ruffin initiated a suit in justice court against Tri County Auto Salvage, claiming that it sold her a defective engine and failed to repair her vehicle as agreed. After a jury trial, the justice court signed a judgment in favor of Ruffin, awarding her damages against Tri

County. Tri County paid the judgment into the justice court's registry and Ruffin accepted the funds. The justice court then issued a release of judgment.

Subsequently, Ruffin appealed the released judgment to county court for a trial de novo. Tri County moved for a summary judgment on the ground of res judicata. The county court granted summary judgment for Tri County.

Ruffin appeals pro se. In six issues, she contends that the county court erred in rendering summary judgment for Tri County.

We vacate the county court's judgment and dismiss the case.

## Background

In October 2019, Ruffin purchased a used engine for her 2005 Honda Civic from Tri County. She hired her own mechanic to install the engine in her vehicle. Afterward, Ruffin was upset that her vehicle was "making noise."

Tri County told Ruffin that any mechanical issue would have to be resolved by her mechanic. The engine had a 30-day warranty but would need to be removed and returned to be replaced. Ruffin complained that she would incur charges to remove the installed engine. Tri County agreed to try to inspect the engine in place, and Ruffin left her vehicle with Tri County.

A dispute ensued. In November 2019, Tri County sent Ruffin a letter offering to refund the cost of the engine ($541.25) and a filter ($47.00), and to reimburse

Ruffin for her mechanic's labor ($500.00)—for a total of $1,088.25. Tri County demanded that Ruffin pick up her vehicle to avoid daily storage fees.

Ruffin then sued Tri County in justice court. She maintained that Tri County had agreed to refund the cost of the engine, and her expenses, *and* to repair the engine at no cost to her. She complained that it failed to perform repairs as agreed and refused to release her vehicle to her. She sought $10,000.00 in damages.

A jury returned a verdict in favor of Ruffin. It awarded damages against Tri County in the amount of $1,100.00 and stated: "Return car as is. No repairs applicable. Pick up by 8/5/2022."

On July 22, 2022, the justice court signed a final judgment in accordance with the verdict. The judgment required Tri County to pay Ruffin damages of $1,100.00 and court costs, and ordered Ruffin to pick up her vehicle. It also states that all other relief not granted is denied.

Tri County paid $1,246.00, including costs, into the registry of the court. It is undisputed that Ruffin accepted the payment.[1] And the justice court subsequently issued a Release of Judgment stating as follows:

> [Ruffin] recovered a judgment against [Tri County] in the amount of $1,100.00, together with court costs . . . .
>
> Pursuant to [section] 31.008 of the Texas Civil Practice and Remedies Code, [Tri County] paid into this Court the sum of $1,246.00 in satisfaction of the Judgment, and this Court hereby RELEASES [Tri

---

[1] The record before us contains a copy of the canceled check.

County] from this Judgment and any lien existing because of the Judgment.

On July 26, 2022, Ruffin appealed the released judgment to the county court for a trial de novo.

Tri County moved for summary judgment. It argued that it was entitled to judgment as a matter of law because Ruffin had previously obtained a final judgment in her favor in the justice court, which was paid and released.

The county court rendered summary judgment for Tri County.

## Mootness

As a threshold matter, we must consider whether Ruffin's complaint has become moot and thus whether we have subject-matter jurisdiction over this appeal.

### A. Standard of Review and Legal Principles

"[W]e are obligated to review sua sponte issues affecting jurisdiction." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004); *see Heckman v. Williamson Cty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) ("[C]ourts always have jurisdiction to determine their own jurisdiction." (internal quotations omitted)). "[S]ubject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Whether a court has subject-matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

4

Because our jurisdiction extends no further than that of the court from which an appeal is taken, the determination of whether the underlying county court had jurisdiction necessarily impacts our jurisdiction. *See Adams v. Ross*, No. 01-11-00098-CV, 2013 WL 1183297, at *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. denied) (mem. op.). Stated differently, if the county court lacked jurisdiction—then this Court only has jurisdiction to set aside the judgment and dismiss the case in the county court. *Id*.

Courts lack subject-matter jurisdiction to decide moot controversies. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). "A case becomes moot when there ceases to be a justiciable controversy between the parties," "the parties cease to have a legally cognizable interest in the outcome," or "events make it impossible for the court to grant the relief requested or [to] otherwise affect the parties' rights or interests." *Id*. (internal quotations omitted).

A case can become moot at any time, including on appeal. *Id*. As a result, "courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman*, 369 S.W.3d at 166–67. If a case becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction. *Id*. at 162.

However, an entire case "is not rendered moot simply because some of the issues become moot during the appellate process." *Harper*, 562 S.W.3d at 6 (quoting

*In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005)). If only some claims or issues become moot, the case remains "live" as to those claims or issues that are not moot. *Id.*

The acceptance-of-benefits doctrine provides that a party who has accepted the benefits of a judgment is not permitted to challenge the same judgment on appeal. *Kramer v. Kastleman*, 508 S.W.3d 211, 217–18 (Tex. 2017) ("Litigants cannot enjoy the fruits of a judgment while simultaneously challenging its validity. This has been the law in Texas for more than 150 years."); *Tex. State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002); *Carle v. Carle*, 234 S.W.2d 1002, 1004 (Tex. 1950) ("[A] litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom."). When the doctrine applies, an appeal is rendered moot and the proper disposition is dismissal. *Harlow Land Co., v. City of Melissa*, 314 S.W.3d 713, 716 (Tex. App.—Dallas 2010, no pet.) (holding that withdrawal of all sums due under judgment being appealed rendered appeal moot, requiring its dismissal).

There is a narrow exception. It comes into play when an appellant "accepts only that which appellee concedes, or is bound to concede, to be due him under the judgment he is not estopped to prosecute an appeal which involves only his right to a further recovery." *Amaro*, 87 S.W.3d at 544 (quoting *Carle*, 234 S.W.2d at 1004). The exception applies if (1) the appellee would be compelled to concede upon

another trial that the appellant has the right to retain the judgment's benefits regardless of the outcome of the litigation and (2) a reversal of the judgment could not possibly affect the appellant's right to benefits secured to her under the judgment. *Carle*, 234 S.W.2d at 1004.

**B.      Discussion**

Here, the justice court's final judgment awarded Ruffin a refund for the engine and parts, and reimbursement for her mechanic expenses.  Ruffin does not dispute that Tri County paid all of these amounts into the registry of the court, that she received all of these funds, and that the justice court released the judgment against Tri County.  When Ruffin accepted the money owed under the judgment, she plainly accepted the benefit of the judgment.

Ruffin subsequently filed a notice of appeal in the county court from the released judgment.  At a hearing in the county court, she stated that although she had previously accepted a full refund for the engine and reimbursement for her expenses, she was still seeking damages for Tri County's failure to repair the same engine.

However, Ruffin would not be entitled to recover both a full refund for the engine *and* damages for a failure to repair the same engine. *See Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998) (parties are not entitled to more than one recovery for the same injury).

7

Thus, Tri County would *not* be compelled to concede upon another trial in the county court that Ruffin had a right to retain the benefit of the refund—regardless of the outcome of the litigation. *See Carle*, 234 S.W.2d at 1004. A reversal of the denial of her claim for the failure to repair *could* affect her right to the benefits secured by her under the released judgment. *See id.* As a result, the narrow exception to the acceptance-of-benefits doctrine does not apply here. *See Amaro*, 87 S.W.3d at 544.

Ruffin's acceptance of all sums due under the released judgment rendered her appeal to the county court moot.[2] *See Kramer*, 508 S.W.3d at 219 ("acceptance-of-benefits principles apply to all appeals"); *Harlow Land Co.*, 314 S.W.3d at 716. Because the county court lacked jurisdiction to render a judgment, this Court has jurisdiction only to set aside the county court's judgment and dismiss the case. *See Heckman*, 369 S.W.3d at 162; *Adams*, 2013 WL 1183297, at *2.[3] And that is what we now do.

---

[2]    We recognize that, generally, once an appeal is perfected from a justice court to a county court, the judgment of the justice court is annulled and vacated. *See Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). And, *once the county court acquires jurisdiction*, the rules of procedure only authorize it to try the case de novo. *Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 855 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). Here, however, Ruffin accepted full payment of the justice court's judgment and the judgment was released *prior to* Ruffin filing a notice of appeal from the released judgment in the county court. Because there was no justiciable issue left in the case, the county court should have concluded that it lacked subject matter jurisdiction to conduct a trial de novo.

[3]    Because this threshold issue is dispositive of the case, we do not reach Ruffin's other issues on appeal. *See* TEX. R. APP. P. 47.1.

8

**Conclusion**

We hereby vacate the county court's summary judgment in all things and dismiss the case for lack of jurisdiction.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.